JOSEPH D. ROSENBERG *v.* BESSIE ROSENBERG.

*Suit for Alimony—Under Foreign Decree—Full Faith and Credit—Defenses to Suit.*

Past due installments under a decree for alimony rendered in another state are within the protection of the full faith and credit clause of the United States Constitution, unless the right to demand and receive future alimony is, by the law of the state in which the decree was rendered, so discretionary with the court which rendered the decree, that there is no absolute or vested right to the installments, even in the absence of any application to annul or modify the decree, made prior to the installments becoming due.                    pp. 51, 52

In the absence of proof that the law of another state is otherwise, it is to be presumed that a decree for alimony in such state is not subject to annulment or modification as to installments which have become due, so as to preclude an action in Maryland to recover such installments.                    p. 52

That the alimony was allowed in connection with a decree for a divorce. *a mensa et thoro,* and that there is pending in the foreign court an application to have the decree converted into one for absolute divorce, does not affect the jurisdiction of a Maryland court to enforce the alimony decree as to overdue installments.                    p. 53

*Decided January 12th, 1927.*

Appeal from the Court of Common Pleas of Baltimore City (SYMINGTON, J.).

Action by Bessie Rosenberg against Joseph D. Rosenberg. From a judgment for plaintiff, defendant appeals. Affirmed.

The cause was submitted on briefs to BOND, C. J., PATTISON, URNER, ADKINS, OFFUTT, DIGGES, and PARKE, JJ.

*Julius P. Robinson,* for the appellant.

*Daniel C. Joseph* and *Abram C. Joseph,* for the appellee.

URNER, J., delivered the opinion of the Court.

The judgment in this case was rendered in a suit on a decree of a Virginia court of competent jurisdiction requiring the present appellant to pay his wife, the appellee, forty dollars per month as alimony. The decree was passed on April 24th, 1920, in a successful suit by the wife for a divorce *a mensa et thoro.* It was alleged and proved in this action that the Virginia decree was duly rendered, and that no alimony has been paid under its terms since June 15th, 1921. In the trial below the plaintiff obtained judgment for seventeen hundred dollars, which was the amount of alimony accrued from the date of the last payment to February 4th,

1925, at which time the plaintiff had applied to the Virginia court to enlarge its former decree into one of absolute divorce. One of the two exceptions in the record on this appeal was taken because the court refused to admit oral testimony, offered by the defendant, to prove that there had been no further proceedings in the divorce suit subsequent to the filing of the defendant's answer to the plaintiff's petition for the enlargement of the decree. The defense to the suit was based on the theory that the provision for alimony was temporary and subject to modification, and was consequently not a final judgment upon which a suit in another state could be founded. This theory was urged in support of a prayer to withdraw the case from the jury. It was because of the rejection of the prayer that the second exception was reserved.

The decision of the Supreme Court of the United States in *Sistare v. Sistare,* 218 U. S. 1, is conclusive of the main question here presented. That was a suit brought in Connecticut for the recovery of overdue and unpaid instalments of alimony under a decree of the Supreme Court of the State of New York. By a statute of that state it was provided that a decree for alimony could be modified by the court at any time on application of either party to the suit and after the other party had been duly notified. This was construed by the Federal Supreme Court as not authorizing the modification of the decree as to instalments of alimony which had accrued prior to the application to have it changed. The Supreme Court said that "every reasonable implication must be resorted to against the existence of such a power, in the absence of clear language manifesting an intention to confer it," and it was decided that the suit in Connecticut on the New York decree was maintainable, and that the opposite ruling by the Supreme Court of Connecticut was in conflict with the full faith and credit clause of the Federal Constitution. The following conclusions were stated: "First, that, generally speaking, where a decree is rendered for alimony and is made payable in future instalments, the right to such instalments becomes absolute and vested upon becoming

due, and is therefore protected by the full faith and credit clause, provided no modification of the decree has been made prior to the maturity of the instalments, since, as declared in the *Barber* case (21 How. 582), 'alimony decreed to a wife on a divorce of separation from bed and board is as much a debt of record, until the decree has been recalled, as any other judgment for money is.'   Second, that this general rule, however, does not obtain where, by the law of the state in which a judgment for future alimony is rendered, the right to demand and receive such future alimony is discretionary with the court, which rendered the decree, to such an extent that no absolute or vested right attaches to receive the instalments ordered by the decree to be paid, even although no application to annul or modify the decree in respect to alimony had been made prior to the instalments becoming due."

No evidence was offered at the trial of this case to prove the law of Virginia relating to the authority of the courts of that state in regard to the modification of decrees for the payment of alimony.   In the case of *Tutwiler v. Tutwiler*, 118 Va. 724, 730, cited by the appellant, it was said that "the decree for alimony is temporary only," but we have no ground for a conclusion that such a decree in Virginia is subject to rescission or alteration as to instalments of alimony which have accrued and are in arrears.   It was only for past due instalments of alimony that this suit was brought on the decree of the Virginia court.   The finality of the decree as to the right of the plaintiff to payments fully matured under its provisions must be presumed when there is no proof of any Virginia law to the contrary.   The obligation to give full faith and credit to the decree sued on does not permit an assumption that the right which it declared and secured was subject to an unexpressed and unproved power of revocation.

The prayer of the defendant for withdrawal of the case from the jury was properly refused.

There was no error in the ruling to which the first ex-

ception refers. It was immaterial that no action had been taken in the Virginia court on the plaintiff's application to have the decree of partial divorce converted into one by which the marriage of the parties would be wholly dissolved. The pendency of the proceeding for that purpose would not prevent the exercise of jurisdiction by a Maryland court in aid of the enforcement of the alimony decree as to instalments which were overdue. If, therefore, the defendant had offered record evidence, instead of merely oral testimony, to prove that the proceeding for an absolute divorce was still pending, the exclusion of the proof would not be a sufficient ground of reversal.

*Judgment affirmed, with costs.*