ARTHUR J. LEVY, Trustee *vs.* DAVID MILLER *et al.*

APRIL 14, 1927.

PRESENT: Sweetland, C. J., Stearns, Rathbun, Sweeney, and Barrows, JJ.

*(1)   Jurisdiction.*

The court will consider the question of jurisdiction when suggested to the court, on a bill of exceptions on alleged errors in rejecting evidence and in directing a verdict, although not raised in the lower court.

*(2)   Bankruptcy.   Trespass and Ejectment.*

Trespass and ejectment will lie in favor of a trustee in bankruptcy against the bankrupt and his wife in actual possession of the premises and asserting the right to stay there.

TRESPASS AND EJECTMENT. Heard on exceptions of defendants and overruled.

BARROWS, J. Arthur J. Levy became trustee in bankruptcy of David Miller in 1923, and pursuant to the Federal Bankruptcy Act, became vested with title to property transferred by Miller in fraud of his creditors. He brought in the Superior Court of this State a bill in equity against David Miller and his wife, Sarah Miller, to recover certain real estate on which was a dwelling occupied by David and Sarah and title to which stood on the records at the time of adjudication in the name of Sarah Miller. The court determined that the conveyance to Sarah was in fraud of creditors and title was adjudged to be in Levy as trustee.

Subsequently Levy was authorized by the bankruptcy court to sell this real estate. David and Sarah declined to vacate the premises. The present action was trespass and ejectment against both, brought in September, 1926. The plea was the general issue. At the trial before a jury no sworn evidence was offered on behalf of defendants but defendant David addressed the jury after which the court directed a verdict for plaintiff.

Exceptions come to this court on alleged errors in rejecting evidence and in directing a verdict for plaintiff.

During the trial David Miller, acting without legal aid, took many exceptions to disallowance of his questions. None of these exceptions merit discussion. All rulings were proper and the trial court displayed great patience.

In this court for the first time counsel appear and suggest that the State court is without jurisdiction to pass upon a case of trespass and ejectment brought by a trustee in bankruptcy against the bankrupt and his wife seeking to oust them from possession of real estate title to which is vested in the trustee but of which real estate he has never had actual possession. They present what they term a "suggestion" that the real estate in question is part of the assets of the bankrupt; that Miller is the bankrupt and can have no adverse claim thereto; that his wife, Sarah, claims no right of possession and that plaintiff was and is entitled to a summary order from the Federal court directing the Millers to deliver up possession; that such summary order can be given by the Federal court alone, which has charge of the administration of the bankrupt estate, and that the State court was without jurisdiction to entertain the trustee's suit for trespass and ejectment. "Wherefore it is suggested that for want of jurisdiction . . . said cause be dismissed."

Although no question of jurisdiction was raised in the court below, we shall consider defendant's objection to jurisdiction. *McAdam* v. *People*, 179 Ill. 316; *Ward* v. *Alsup*, 100 Tenn. 619.

We have found no case exactly like the present one. Jurisdiction in plenary suits for the recovery of assets of bankrupt's estate is concurrent in the State and Federal courts. Bankruptcy Act, § 23a, § 60b, § 67e, § 70e. The question of when resort may be had to summary proceedings and when the trustee's action should be by plenary suit has been the source of much litigation. Usually those in possession and resisting the trustee contest his right to a summary order and insist that he proceed, as he did here, by plenary suit. The proposition now presented by the wrongful claimants is that the trustee's only permissible procedure was in the Federal court by summary order against them.

Where a third party in possession of property either makes no claim to right of possession or holds possession merely on behalf of the bankrupt, such third person summarily may be ordered to deliver possession to the trustee. *Babbitt* v. *Dutcher*, 216 U. S. 102. A summary order is made only by a bankruptcy court. It is part of its administrative jurisdiction. If David Miller alone were in possession, he as bankrupt could be summarily ordered to vacate the premises. *Re Eddy*, 48 A. B. R. 607, *Dist. Ct. Western Dist. N. Y.; Mueller* v. *Nugent*, 184 U. S. 1. Whether a plenary suit in either State or Federal court could be brought against David Miller alone, we are not called upon to decide. This suit is against David and Sarah Miller. If Sarah Miller, before the trustee brought the present action, had adopted the attitude which she now assumes her suggestion that the trustee's only resort was to summary proceedings might be more impressive but she has opposed his every attempt to gain possession. Now after a finding by the State court, that her adverse claims possess no merit, she asserts that the trustee should have so treated them from the start. Her proposition is that the trustee had no right to bring the ouster proceeding in the State court and give to her the benefit of an assumption that she was claiming adversely in good faith. It is probable, as the facts have

developed, that the trustee might have summoned her into the bankruptcy court and secured a finding that her claim was without merit and obtained a summary order upon her and her husband for possession. *In re Logan*, 28 A. B. R. 543, Northern District, N. Y. supported a summary order where bankrupt and his wife were in possession of real estate under a fraudulent grantee. The court there required a conveyance by grantee to the trustee and directed the bankrupt and his wife to vacate the premises. However, at the time of bringing the present suit David and Sarah were in actual possession, asserting the right to stay there. This was an element of importance to the trustee in determining his method of procedure. *Jacquith* v. *Rowley*, 188 U. S. 620. Whether or not the trustee might have employed plenary proceedings in the State court if David only had been in possession he is not required at peril of finding himself in the wrong court to elect between summary proceedings in the Federal court and plenary proceedings in the State court when a third person is in possession wholly or in part with the bankrupt even though such person be the bankrupt's wife. Under Rhode Island law she is a distinct legal person with full rights to hold, own and possess real estate apart from her husband. When recovery is sought of personal property, which never has been in the trustee's possession, but is in possession of a third person claiming adversely, a State court's jurisdiction of a plenary suit is clear. *Frank* v. *Vollkommer*, 205 U. S. 521. Right to possession of chattels by a bankrupt's wife against his trustee was tried by plenary suit in *Re Shea*, 31 A. B. R. 697, Dist. Ct. Ky.; *Re Markel*, 35 A. B. R. 318, Dist. Ct. Calif.

When the Millers suggest that summary proceedings against themselves in the Federal court are the only means by which Levy may oust them from possession they ask us either at the outset to discredit their making of an honest adverse claim in the Superior Court or to make that court's jurisdiction dependent on the facts found at the trial that

the claim was not honestly adverse. Their claim may have been absurd but the record leads us to believe that they made it in good faith. Under such circumstances it is idle to say that because the trustee gave the defendants the benefit of a presumption of an adverse claim made in good faith and proceeded by plenary suit in the State court that such court was without jurisdiction.

The action was in no way an interference with the administration of the assets by the bankruptcy court. The trustee never having had possession there was no more interference with the bankruptcy court's administration of the estate than when a trustee brings action in a State court to recover personal property never in his possession. *Cominger* v. *Louisville Trust Co.,* 128 Ky. 697; *Drew* v. *Myers,* 81 Neb. 750, same case 22 A. B. R. 656; *Union Banking Co.* v. *Truscott,* 155 N. W. 717 (Mich.), same case 36 A. B. R. 175. Cf. *Shaver* v. *Mowry,* 105 Atl. 505 (Pa), same case 43 A. B. R. 101. This action is in aid of the bankruptcy court and at the instance of its trustee. Levy was entitled to vindicate his right of possession in the State court by the same action which is given to every owner of real estate in Rhode Island to oust a trespasser. Collier on Bankruptcy (13th ed.) p. 1780.

Our conclusion is that the Superior Court had jurisdiction; that its verdict was correct.

Defendants' exceptions are overruled, and their suggestion is without merit.

The case is remitted to the Superior Court for entry of judgment on the verdict.

*William H. Edwards, Edwards & Angell,* for plaintiff.
*John J. Cosgrove, Joshua Bell,* for defendant.