### H. J. COMBS v. C. M. COOPER.

(Filed 14 September, 1927.)

**Bills and Notes—Instructions—Evidence—Questions for Jury.**

> Where there is evidence that the plaintiff was a holder in due course for value of a negotiable note, the subject of the action, acquired before maturity without notice of an infirmity, and also that the note was a part of an advertising contract from which it had been detached, thus altering its negotiable character so as to make it void in the hands of the plaintiff, a peremptory instruction in plaintiff's favor is reversible error, there being more than a scintilla of evidence for the defendant for the jury to determine.

APPEAL by plaintiff from *Clayton Moore, Special Judge,* at June Term, 1927, of PASQUOTANK.

Civil action to recover on what purports to be a negotiable promissory note for $156, alleged to have been executed by the defendant to Arthur Cohn, 6 April, 1925, duly endorsed to the plaintiff for a valuable consideration, before maturity and without notice of any defect or equity, constituting the plaintiff a holder thereof in due course. There is evidence on behalf of the plaintiff tending to support his allegations.

The defendant, on the other hand, offered evidence tending to show that the note in question was a part of an advertising contract from which it had been detached or torn, so materially altering its executory provisions as to render it void in the hands of the plaintiff.

On an issue of indebtedness, submitted to the jury, the court, at the request of the defendant, gave the following instruction: "If you believe the evidence and facts as testified to you will answer the issue, Nothing."

From a verdict and judgment in favor of the defendant, the plaintiff appeals, assigning the above instruction as error.

*Aydlett & Simpson for plaintiff.*
*McMullan & LeRoy for defendant.*

STACY, C. J., after stating the case: In directing a verdict for the defendant, the learned trial judge evidently overlooked the testimony of the plaintiff. Where the evidence is equivocal or conflicting, as in the present case, and fairly susceptible to more than one inference, the matter should be left to the jury, under a proper charge, without peremptory instructions from the court. *Moore v. Ins. Co.,* 193 N. C., 538; *Brooks v. Milling Co.,* 182 N. C., 258. Such was the holding in *Everett v. Receivers,* 121 N. C., 519 (as stated in the first head-note): "Where, in the trial of an action, the plaintiff has produced some evidence, or more than a *scintilla,* in support of his contention, or there is conflicting evidence, it is the province of the jury to determine its weight, and it would be improper to instruct the jury that if they believe the evidence the plaintiff cannot recover."

We cannot say from the record that the error in the present instruction was harmless.

New trial.