## Stombaugh v. Stombaugh.

C. A. Sowers, for plaintiff; Umsted & Wolfe, for defendant.

LEWIS, J., Oct. 25, 1930.—The plaintiff, Ruth Stombaugh, brought an action in the Circuit Court of Adair County, Missouri, seeking a divorce from her husband, Dennis E. Stombaugh. The defendant entered his voluntary appearance, waived the issuance and service of summons and filed his answer to the petition for divorce.

On April 3, 1929, a decree of divorce was duly rendered by the Missouri court, which provided, inter alia, that the libellant (the plaintiff herein) "is awarded as permanent alimony the sum of $75 per month, payable in advance on the first day of each and every month hereafter, as long as she shall remain single, and not remarry. . . ."

The action herein is to recover the sum of $825 alleged to be due by reason of the award of the Circuit Court in Missouri, and is based upon an exemplified copy of the record in that state. The question to be determined is whether an order for permanent alimony, to be in definite future instalments, entered by the court of a sister state is within the protection of the full faith

and credit clause of the Constitution of the United States and enforceable in Pennsylvania.

It is averred in the statement of claim that the decree of the court upon which suit is brought remains in full force and is not "annulled, reversed or satisfied," nor does it appear from the pleadings that any application was made by the defendant to the Missouri court for any modification of the decree.

The affidavit of defense denies the jurisdiction of the Missouri court because "there was no personal service of process on the defendant," and "it is a fact that the said defendant was not a resident of the State of Missouri, but was a resident of the Commonwealth of Pennsylvania." There is also a general denial in the affidavit of defense that the decree, constituting plaintiff's Exhibit "A," remains in full force and effect, and it is averred, as a further defense, "that a decree awarding alimony is not such a definitive decree as must be recognized by this Commonwealth under article IV, section 1, of the Constitution of the United States."

We see no merit in the defense of want of personal service of process on defendant. It is disclosed that defendant personally appeared in said case, waived issuance and service of summons and consented that the case be tried by the Missouri court. By the weight of authority his voluntary appearance, as well as the answer filed by him, cured the want or absence of service of process: Lyon v. Lyon, 13 Dist. R. 623; Edwards, Divorce in Pennsylvania, § 112, page 77.

As was well said by Head, J., in Com. v. Parker, 59 Pa. Superior Ct. 74:

". . . It has always been true that one sued in a foreign jurisdiction may voluntarily bring himself within that jurisdiction, and if he does so and the court had jurisdiction of the subject-matter litigated, the resulting judgment will be conclusive; and full faith and credit must be given to such judgment in other states by reason of the provision of the Federal Constitution on that subject. What, then, was the nature of the answer filed by the wife in the Nevada court and to what extent, if at all, did she by that act submit herself to its jurisdiction? She was under no compulsion to file any answer, but having chosen to do so, she must accept the consequences which the law attaches to such an act. . . ."

The general principle of law is stated in 1 Ruling Case Law, § 101, page 957, to be that by virtue of the United States Constitution and the Act of Congress requiring full faith and credit to be given in each state to the public acts, records and judicial proceedings of every other state, a decree for alimony rendered in a foreign forum may be enforced in a sister state or in the Federal courts in another state or territory, provided it constitutes a final award and is not subject to modification by the court which granted it, by reason of such power being reserved in the decree itself, conferred by statute or held to exist inherently even in the absence of statute.

A few courts, however, erroneously interpreting a decision of the United States Supreme Court here relied upon by counsel for defendant (Lynde v. Lynde, 181 U. S. 183), have held that a periodical allowance, so far as it awards alimony to become due and payable in the future, is not within the protection of the full faith and credit clause of the Federal Constitution so as to require its enforcement as to such instalments in another state. In a subsequent decision, however, the United States Supreme Court cleared up the tendency to confusion by holding that, unless it appears from the law of the jurisdiction wherein a decree was granted that the power of modification extends to accrued as well as to future instalments of alimony, a periodical allowance

constitutes a final judgment within the meaning of the full faith and credit clause, so far as instalments already accrued are concerned, provided no modification of the decree has been actually made prior to the maturity of such instalments: Sistare *v.* Sistare, 218 U. S. 1, 20 Anno. Cas. 1061, and note, 28 L. R. A. (N. S.) 1068, and note; 1 Ruling Case Law, § 102, page 959.

"So long as a judgment for alimony, payable in instalments, is absolute in its terms and remains unmodified, or at least until an application for modification has been made, it is final as to instalments which have accrued and is entitled to full faith and credit in the courts of a sister state in an action founded upon it:" Holton *v.* Holton, 153 Minn. 346, 190 N. W. Repr. 542, 41 A. L. R. 1415.

In Cotter *v.* Cotter, 138 C. C. A. 453, 225 Fed. Repr. 471, heard by the Circuit Court of Appeals for the 9th Circuit, Justice Wolverton expressed the views of the court respecting the decision of the Supreme Court of the United States as set forth in the Lynde and Sistare cases, above referred to, as follows: "It has been judicially settled by the Supreme Court that a decree awarding alimony, payable in future instalments, constitutes a proper basis for suit in another jurisdiction under the 'full faith and credit' clause of the Federal Constitution, unless the right to receive the alimony is so discretionary with the court rendering the decree that, even in the absence of an application to modify the decree, no vested right exists.'

The defendant has neither pleaded nor cited to the court any statute or law of the State of Missouri (where the instant decree was granted) which vests any discretion with the Missouri court over the right of the plaintiff to receive the alimony decreed, in the absence of any application to modify the decree. Accordingly, this court can take no notice of the law of Missouri on this subject, and it must be presumed that the defendant included in his affidavit of defense all averments favorable to his contention: Wright *v.* Carbonic Co., 271 Pa. 332 (1921).

Campbell *v.* Campbell, 28 Okla. 838, 115 Pac. Repr. 1111, involved a Missouri judgment for alimony which required the defendant to pay $25 a month so long as plaintiff remained single. The defendant having removed to Oklahoma, an action was brought in the court of that state to recover alimony which had accrued upon the Missouri judgment. Section 2926, St. of Missouri, 1899 (applied in that case), reads: "The court, on the application of either party, may make such alteration, from time to time, as to the allowance of alimony and maintenance as may be proper." It was urged in that case that the Missouri judgment was not final and not entitled to full faith and credit in the courts of Oklahoma. After considering the Lynde and Sistare cases, the court reached the conclusion that under controlling authority of these cases the judgment was final as to instalments of alimony which were past due and unpaid.

The rule deduced in Levine *v.* Levine, 95 Ore. 94, 187 Pac. Repr. 609, from the Federal decisions, was "that every reasonable implication must be resorted to against the existence of power to revoke or modify a judgment for alimony, in so far as it affects accrued instalments; that, in the absence of clear language in the statute manifesting an intention to confer such power, a statute which in general terms confers the power of modification will be construed to mean that the power, when exercised, can operate prospectively only and not retrospectively."

There is nothing in the pleadings which would justify the conclusion that the Circuit Court of Missouri, which granted the decree in question, had the power of modification of the decree extending to accrued as well as to future

instalments of alimony; nor is there any allegation that any application was made by the defendant for any modification of said decree. We think the award upon which this suit was brought constitutes a final judgment within the meaning of the full faith and credit clause, so far as it relates to instalments already accrued: Rosenberg *v.* Rosenberg, 152 Maryland, 49; McWilliams *v.* McWilliams, 216 Alabama, 16.

We are, therefore, constrained to hold that the husband's defense is insufficient to prevent judgment. Rule absolute.