MRS. ELSIE K. WEBB v. MRS. MARY T. WEBB, EXECUTRIX OF THE ESTATE
OF LOUIS H. WEBB.

(Filed 8 January, 1943.)

**1. Divorce § 14: Limitation of Actions § 1a—**

> An action may be maintained in this State to recover unpaid install-
> ments of alimony decreed under a Louisiana judgment; and the North
> Carolina statute of limitations, rather than the Louisiana statute of pre-
> scription, applies.

**2. Divorce § 14—**

> It appearing in a suit to recover unpaid installments of alimony on a
> Louisiana judgment, that certain payments were not credited upon the
> amounts claimed due, it was error necessitating a new trial, for the court
> to instruct the jury, if they found the facts as the evidence tended to
> show, to answer the issue, as to the amount due, the full amount claimed.

APPEAL by defendant from *Johnson, Special Judge,* at May Term,
1942, of ORANGE. New trial.

This was an action to recover unpaid installments of alimony decreed
in a judgment rendered by the Civil District Court for the Parish of.
Orleans, in the State of Louisiana. The defendant did not deny the
validity of the judgment, but pleaded the Louisiana three years' statute
of limitations or prescription as to arrearages of alimony, and also
pleaded payment.

Upon issues submitted to the jury, in accordance with instructions
from the court, verdict was rendered in favor of the plaintiff, finding
that the action was not barred, and that plaintiff was entitled to recover
$5,850, the full amount claimed. From judgment on the verdict, defend-
ant appealed.

*Graham & Eskridge for plaintiff, appellee.*
*L. J. Phipps and Bonner D. Sawyer for defendant, appellant.*

DEVIN, J. The court below correctly ruled that plaintiff was entitled
to maintain her action here for unpaid installments of alimony decreed
under the Louisiana judgment (*Lockman v. Lockman,* 220 N. C., 95,
16 S. E. [2d], 670), and that the North Carolina statute of limitations,
rather than the Louisiana statute of prescription, applied. *Arrington
v. Arrington,* 127 N. C., 190, 37 S. E., 212; *Clodfelter v. Wells,* 212
N. C., 823, 195 S. E., 11.

However, it appears from the plaintiff's testimony that certain pay-
ments made to her by the defendant's intestate were not credited upon

the amounts now claimed to be due as alimony. Thus, an open question for the jury was raised as to the amount plaintiff was entitled to recover, and the instruction to the jury, if they found the facts to be as the evidence tended to show, to answer the issue, as to the amount due, $5,850, the full amount claimed, was erroneous and prejudicial to the defendant, necessitating a new trial. *Combs v. Cooper,* 194 N. C., 203, 139 S. E., 224.

New trial.