## DAVID FISHER *v.* JACK L. MEDWEDEFF, TRUSTEE

[No. 58, October Term, 1944.]

*Decided December 20, 1944.*

The cause was argued before MARBURY, C. J., DELA-PLAINE, COLLINS, GRASON, MELVIN, BAILEY, CAPPER, and HENDERSON, JJ.

*Alan Eli Cohen* and *J. Paul Schmidt,* with whom were *Weinberg & Green* on the brief, for the appellant.

*Irving B. Grandberg* for the appellee.

CAPPER, J., delivered the opinion of the Court.

This appeal is from the entry of a judgment in the Baltimore City Court upon the pleadings in the sum of $39,760.10 against appellant and in favor of appellee.

The judgment was entered upon an order of the United States District Court for the District of Maryland dated June 13, 1940, affirming an order of the Referee in bankruptcy requiring the appellant bankrupt to turn over the above sum in cash or merchandise to the appellee trustee.

The declaration filed June 8, 1943, upon authority of the Federal Court, was upon a count in assumpsit setting out the order, annexing a copy of it, alleging noncompliance with the order and nonpayment of any part of said sum. It also alleged that appellant was by said Court in bankruptcy found to have dissipated said funds and merchandise and had been discharged from contempt proceedings for noncompliance with said order.

A demurrer was filed to the declaration upon two grounds: to wit, (a) that the trustee could not maintain a suit upon the turn-over order in the State Court, and (b) that any cause of action upon said order was vested in the creditors of said bankrupt alone and not in the

trustee. The demurrer was overruled by the Court below; whereupon, appellant filed a number of pleas raising the same defenses and also a plea that the cause of action did not accrue within three years before suit. After appellee's demurrer was sustained to these pleas, appellant declined to plead further. A judgment by default was entered against him.

The two defenses raised, other than the plea of limitations, can be considered together as one: to wit, Does the State Court have jurisdiction to maintain this suit? There is no decision in this state directly affecting this question, and for its solution we must look to the Acts of Congress relating to bankruptcy and decisions of other Courts. These Acts contain several provisions pertinent to the issue, as follows:

(1) The trustee is vested by operation of law with the title of the bankrupt to all his property as of the date he was adjudged a bankrupt, excepting exempt property. U. S. C. A., Title 11, Chap. 7, Sec. 110, sub. a.

(2) Subsection (4) of said Section 110, sub. a, also gives the trustee title to property transferred by the bankrupt in fraud of his creditors.

(3) U. S. C. A., Title 11, Section 46, sub. b, confers the right upon the trustee in bankruptcy to bring suits only in the Courts where the bankrupt might have brought them if bankruptcy proceedings had not been instituted.

A further study of the Bankruptcy Act discloses that it gives the Federal Courts exclusive jurisdiction only in matters of discharge of the bankrupt from his debts, the administration and control of his estate, allowance of claims, division of assets among creditors, and actions to enforce certain criminal statutes for securing the safe conduct of the bankruptcy proceedings. 11 U. S. C. A., Sec. 11; *Sampsell v. Gittleman*, 55 Cal. App. 2d 208, 130 P. 2d 486.

State Courts have concurrent jurisdiction with the Federal Courts in actions to avoid fraudulent transfers of the bankrupt's assets. U. S. C. A., Title 11, Sec. 110, sub. e.

It is conceded by appellant that the Federal Courts have no jurisdiction to entertain a suit upon a turn-over order, such as is involved in this case, except where diverse citizenship is shown. No such diverse citizenship is involved in this case.

We think the State Courts have jurisdiction in a suit such as this in which the trustee in bankruptcy is endeavoring to collect what is really a debt due by the bankrupt to the trustee.

The turn-over order of the Federal Court was a final order which conclusively adjudicated the amount of money due by the bankrupt to the trustee's estate, and the fact of his possession and concealment of the same. It is not subject to collateral attack. *Oriel v. Russell*, 1929, 278 U. S. 358, 73 L. Ed. 419; *Cooper v. Dasher*, 290 U. S. 106, 78 L. Ed. 203; *Toplitz v. Walser*, 27 F. 2d 196; *In re Siegler*, 1929, 31 F. 2d 972, 973; 8 *C. J. S., Bankruptcy*, Sec. 210d, p. 683; *Sampsell v. Gittleman*, supra.

The turn-over order is not invalid because it directs the payment of a sum of money in lieu of a return of the property or in the alternative. See note to *Cooper v. Dasher*, supra.

It has been held that a turn-over order is not a judgment (*In re Schlesinger*, 102 F. 117), nevertheless, it is a binding and final order, which, as above stated, cannot be collaterally attacked in any way. There would, therefore, seem to be no reason why an action at law should not lie to recover the same. Perhaps the closest analogy to this turn-over order is an award of alimony which, in this State at least, when the same is overdue, may be treated as a debt for some purposes. *Winkel v. Winkel*, 178 Md. 489, 15 A. 2d 914; *Knabe v. Knabe*, 176 Md. 606, 6 A. 2d 366.

It has also been held by this Court that an award of alimony by a Court of another state may form the basis for an action at law in this state. *Rosenberg v. Rosenberg*, 152 Md. 49, 135 A. 840.

The distinction attempted to be made by appellant between the case at bar and *Sampsell v. Gittleman,* supra, to wit, that cash only was directed to be turned over in the latter case, and cash or merchandise in the former, is not impressive, when it is shown that appellant in some manner disposed of or concealed both in such manner that the Federal Court could not compel compliance with the order. *Sampsell v. Gittleman,* supra, is a direct authority, almost precisely in point, holding the State Court of California to have jurisdiction in such, case as this. We find no case to the contrary. The provision of Section 46, sub. b, gives the trustee the right to sue in a State Court. This section, as stated by Judge Frank in his opinion in this case below, quoting from *Bardes v. Hawarden First Nat. Bank,* 178 U. S. 524, 44 L. Ed. 1175, shows that it "concerns the jurisdiction only, and not the merits, of a case; the forum in which a case may be tried, and not the way in which it must be decided; the right to decide a case, and not the principles which must govern the decision."

We think that Section 46, sub. b, when fairly construed, gives the trustee the right to bring such a suit as this in the State Courts in which the bankrupt could have brought suit prior to the bankruptcy. The trustee is not confined, under this section, to such suits as the bankrupt himself could have instituted because such a construction would be entirely too narrow. It has been held that under this section, a trustee in bankruptcy can sue the bankrupt in the State Courts in trespass and ejectment to dispossess him from property belonging to the estate. *Levy v. Miller,* 48 R. I. 250, 137 A. 7.

There would seem to be no substantial difference in such a proceeding from the one here involved where the trustee is suing for money admittedly due the estate. Appellant claims that such a suit would subject him to a judgment which might cause his after-acquired property to be taken from him. Such a claim is without merit when it is remembered that the amount of the judgment represents money and property acquired by him before

the bankruptcy which he has secreted or otherwise disposed of and wrongfully failed to deliver to the trustee. By taking such after-acquired property, the bankrupt would only be required to make restitution of that which he had wrongfully deprived his creditors.

The further contention of appellant that the exclusive right to sue the bankrupt is in his creditors, is likewise futile. The trustee is the titular owner of the entire estate of the bankrupt as of the date of his adjudication. *Everett v. Judson*, 228 U. S. 474, 57 L. Ed. 927. It was his duty to collect all of this property, using all available means for that purpose. Under the circumstances of this case, the bankrupt was personally indebted to the trustee in the amount of the turn-over order. To hold otherwise would be an invitation to a bankrupt to dispose of his property, escape contempt proceedings, and take sanctuary in the pleas that no State or Federal Court had jurisdiction to maintain an action against him for the value of the property so wrongfully appropriated.

Assuming that by reason of the fact that the appellant has not complied with the turn-over order, he will not be able to obtain a discharge in bankruptcy under the provisions of Section 32 and that in such event his creditors may sue him for the amount of their accounts, we, neverthelss, believe that he will not be prejudiced by the trustee's suit for the entire amount. It is obvious if any creditor did sue the bankrupt and recover anything, he certainly could not to that extent participate in any recovery made by the trustee in the suit on the turn-over order. The contention of appellant that after-acquired property would be subject to any judgment obtained by the trustee is further dissipated by the fact that judgments in suits by creditors against the bankrupt on their accounts would have precisely the same effect, with the added burden of additional costs of such suits.

Upon the question of limitations, it is not necessary to prolong this opinion by a discussion as to whether or not the turnover order is a specialty. The action was instituted by the trustee within three years from the date the

District Court affirmed it. No suit could have been maintained by the trustee upon the order of the Referee while it was subject to review of the Federal Court. The cause of action did not accrue until the turn-over order was affirmed. The Statute of Limitations does not begin to run until the cause of action accrues. *Bass v. Standard Accident Ins. Co.,* 70 F. 2d 86; *Young v. Mackall,* 3 Md. Ch. 398; *Hahn v. Claybrook,* 130 Md. 179, 100 A. 83; *Lang v. Wilmer,* 131 Md. 215, 101 A. 706; *Vincent v. Palmer,* 179 Md. 365, 19 A. 2d 183.

Finding no error in the rulings of the learned Court below, the judgment must be affirmed.

*Judgment affirmed with costs to appellee.*