CATERINA G. FERENTINOS, Plaintiff, *v.* STAVROS FERENTINOS, Defendant.

Municipal Court of the City of New York, Borough of Brooklyn, June 10, 1949.

*Paul Millman* for plaintiff.

*Weinberg & Oltarsh* for defendant.

MARTUSCELLO, J. This is an action to recover unpaid installments of alimony which had accrued under a foreign decree of separation.

In 1945, while the parties were bona fide residents of Virginia, the plaintiff procured a divorce *a mensa et thoro* in the Circuit Court of the City of Norfolk; and the decree thereof required the defendant to pay, until further order of said court, alimony of $35 a week for the support and maintenance of the plaintiff and the two minor children of the parties, and also provided that the case was retained on the docket of that court for such other orders as it might direct. This decree has never been modified and is still in full force and effect; and the installments

which had accrued thereunder amounted to $420. Upon the trial herein, the defendant offered no evidence, but his attorney moved for a dismissal of the complaint on the ground that the court in which the decree was obtained has sole jurisdiction over this action to the exclusion of all other courts by virtue of the provision in said decree whereby the case was retained on its docket; and, in a brief submitted after the trial, he further contends that said decree is not entitled to full faith and credit because under the law of Virginia it is subject to modification as to accrued and unpaid installments. The points thus raised will be considered in the inverse order of their presentation.

By virtue of section 1 of article IV of the United States Constitution, and the Federal statutes enacted in execution thereof, the judgment of one State, when sued on in another State, is entitled to receive the same faith, credit and respect that is accorded to it in the State where rendered, so that if valid and conclusive there, it is so in all other States. But a judgment from another State is entitled to no greater effect or finality than would be accorded to it in the State where rendered; and hence if it would there be inconclusive, impeachable or re-examinable, it will receive no greater consideration or measure of finality in other States. The validity and effect of a judgment must therefore be determined by reference to the laws of the State where it was rendered. (23 Cyc. 1546, 1547.)

A decree for alimony payable in the future is considered, as to installments past due and unpaid, a final judgment, and is entitled to full faith and credit with respect thereto, provided no modification of the decree was made prior to the maturity of such installments, unless, by the law of the State in which said decree was rendered, its enforcement is so completely within the discretion of the court which granted it that it may modify or annul the decree even as to overdue and unsatisfied installments. (*Barber* v. *Barber*, 21 How. [U. S.] 582; *Sistare* v. *Sistare*, 218 U. S. 1.)

Although no Virginia law was pleaded or proved, I have examined, pursuant to section 344-a of the Civil Practice Act, statutes and cases of said State appertaining to the questions involved herein, and I have taken judicial notice thereof. The defendant claims that section 5107 of the Virginia Code of 1942, as amended, confers power to modify a decree as to accrued alimony. A perusal thereof discloses that said statute provides for the making of certain orders *pendente lite,* wholly unrelated to

the point under consideration, and makes no mention of power to modify an alimony decree. The only statute I have found that confers power to modify a matrimonial decree is section 5111 of said code, and the pertinent parts thereof read as follows: '' Upon decreeing the dissolution of a marriage, and also upon decreeing a divorce, whether from the bond of matrimony or from bed and board,     *     *     *     the court may make such further decree as it shall deem expedient concerning the estate and the maintenance of the parties, or either of them, and the care, custody and maintenance of their minor children, and may determine with which of the parents the children or any of them shall remain; and the court may, from time to time afterwards, on petition of either of the parents, or on its own motion   *   *   *, revise and alter such decree concerning the care, custody, and maintenance of the children and make a new decree concerning the same, as the circumstances of the parents and the benefit of the children may require; *and upon petition of either party may increase, decrease, or cause to cease, any alimony that may thereafter accrue whether the same has been heretofore or hereafter awarded, as the circumstances may make proper   *   *   *.*'' (Italics supplied.)

Nothing in this statute expressly gives power to revoke or modify an installment of alimony which had accrued, but, on the contrary, as appears from the language italicized therein, the power to modify is limited solely to future and unaccrued alimony; and such construction finds ample support in cases decided by the Supreme Court of Appeals of Virginia. (*Gloth* v. *Gloth,* 154 Va. 511; *Eaton* v. *Davis,* 176 Va. 330.)   Since, in the light of these authorities, the accrued alimony in question was not subject to modification, the decree granted to the plaintiff was final with respect to said alimony.   But apart therefrom, it has been held in other jurisdictions in cases similar herewith, in which the Virginia law was either not inquired into or not proved, that a decree of divorce *a mensa et thoro* rendered in said State was entitled to full faith and credit in other States as to alimony which had accrued thereunder. (*Loughran* v. *Loughran,* 292 U. S. 216; *Rosenberg* v. *Rosenberg,* 152 Md. 49.)

The cases cited by the defendant, in which full faith and credit were not extended to a foreign decree, are inapplicable as they involved equitable remedies or alimony which was subject to modification after accrual.

The contention that the Circuit Court of the City of Norfolk has exclusive jurisdiction over the subject matter of this action is without merit. Although advanced by the defendant as a distinct and separate ground for denying the plaintiff relief, it is but a ramification of the point first considered herein. The plaintiff had a vested property right to the alimony due her, of which she could not be deprived except by due process of law, and by reason thereof, she could bring an action to enforce that right in any court of competent jurisdiction, even if the decree provided otherwise. (*Roberts* v. *Roberts,* 174 Ga. 645.) By retaining the case on its docket, said court did not thereby vest itself with exclusive jurisdiction over all alimony matters based on its decree, but rather continued the case for the purposes stated in the above-quoted section 5111, among which was the power to modify future alimony only. (*Casilear* v. *Casilear,* 168 Va. 46, 55–56.) In *Gloth* v. *Gloth* (*supra*), it was held that continuing jurisdiction over alimony awarded by decree *a mensa et thoro* was an inherent power of the court under the common law, and, contrary to what was required thereunder with respect to a decree of absolute divorce, it was not necessary for the court to make provision therefor in its decree in order to exercise that power. And this rule prevails under the statutory law as to all divorce decrees. (*Eaton* v. *Davis, supra.*) Since the court's jurisdiction is now derived from the statute and not from the decree, no provision therein can enlarge its powers. Section 5115 of said Virginia Code provides, among other things, that a decree of separation from bed and board may merge into a decree of absolute divorce within certain time limits, and that any suit stricken from the docket, in which complete relief has not been obtained, may be reinstated upon the docket for such purposes as may be necessary to grant full relief. In view of this statute, it is proper to assume that retaining the case on the docket, although not necessary to continue jurisdiction, was provided for in the decree as a matter of practice expediency.

Judgment for plaintiff in the sum of $420, with interest.