**BROWN v. BROWN.**

No. 932.

Municipal Court of Appeals for the District of Columbia.

Argued July 17, 1950.

Decided Aug. 3, 1950.

4. Code 1940, Supp. VII, 11—772(b).

James F. Bird, Washington, D. C., for appellant.

William T. Pace, Washington, D. C., with whom Robert W. McCullough, Washington, D. C., was on the brief, for appellee.

·Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

## CLAGETT, Associate Judge.

This is an appeal from a summary judgment for unpaid installments of alimony in a suit on a Maryland decree dated August 1, 1946. The Maryland decree granted appellee an absolute divorce and ordered appellant to pay appellee $25 a month towards appellee's support. The appellee's affidavit filed in support of her motion for summary judgment alleged that the Maryland decree was still in force as originally drawn and that appellant had failed to pay the sums ordered by the decree for a period of eight months. Apparently it is conceded here that no steps have been taken in Maryland beyond the securing of the divorce and alimony decree and no showing has been made that support for children is involved; nor that there was any separate agreement between the parties as to the amount or payment of alimony. The specific question presented for our decision is whether an order for alimony, without more, ordered by a Maryland court must be accorded recognition and enforcement in this forum under the full faith and credit provision of the Federal Constitution.[1]

At the hearing below it was conceded in behalf of plaintiff that such orders for installments of alimony remain, in Maryland, subject to modification or rescission, even retroactively. It was urged, nevertheless, that full faith and credit should be accorded the Maryland decree in this jurisdiction so long as defendant did not show that the decree had been modified or discharged in Maryland at the time of bringing suit here.

It is contended by appellant that the right to demand and receive alimony ordered to be paid in installments is discretionary with the divorce court under the law of Maryland, even retrospectively, that the order has not ripened into a debt, that no vested right has been acquired, and that under such circumstances the order is not entitled to

---

1. "Full Faith and Credit shall be given in each State to the public Acts, Records, and Judicial Proceedings of every other State." Article IV, section 1.

full faith and credit and should not be enforced in this jurisdiction.

It is well settled that all courts are required to give full faith and credit to a foreign decree for alimony when such decree is final.[2] What constitutes a final decree with respect to alimony has been the subject of innumerable decisions, from which has been formulated the rule that a decree for future alimony is within the protection of the full faith and credit clause, even though it may be modified prospectively by future orders of the court.[3] But where the decree is subject to retroactive modification of accrued installments past due, the decree is not entitled to full faith and credit[4] unless the accrued installments have been reduced to a money judgment or its equivalent in the forum possessing the right of retroactive modification.[5]

The governing Maryland case with respect to the power of the courts in that state to modify unpaid installments of alimony is Winkel v. Winkel, 178 Md. 489, 15 A.2d 914. There the wife brought suit, inter alia, for a decree ordering to be due and payable arrears of alimony based on unpaid installments which had accrued on a separation decree issued six years previously. The Maryland court of appeals found it necessary to determine whether the equity court could modify the amount of these accrued installments in order to reach the question of the propriety of the equity court's decision granting judgment for the wife for the full amount accrued. In so doing, after an extended discussion of the problem, the court stated: "From a review of the decisions of this Court, it does appear that the effect of its decisions is to support the power in the court to make a modification of a decree for alimony with respect to the unpaid instalments of past due alimony." 15 A.2d 914, 921.

The Maryland court of appeals also recognized the lack of finality of decrees for alimony rendered in that state. It said: "Both Rosenberg v. Rosenberg, supra, [152 Md. 49, 135 A. 840] and Sistare v. Sistare, supra, [218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A., N.S., 1068, 20 Ann.Cas. 1061] are, also, authority for the rule that the finality of a decree for alimony depends upon the law of its rendition. If not final there, it is not final elsewhere. Should the decree be subject to modification it is not a final decree." 15 A.2d 914, 922. It was also stated: "The court has not ignored the weight to be accorded the decisions of other jurisdictions to the effect that instalments of alimony become vested when they become due, and the court has no power to modify the decree with reference to them. Without attempting to analyze and distinguish these cases, it is sufficient to make reference to where many of these decisions may conveniently be found and to state that this Court is not convinced that the practice and precedents of this State should be discarded." 15 A.2d 914, 923.

The Maryland decisions clearly recognize the right of plaintiff in a divorce case, where past installments of alimony have not been paid, to go into the court which rendered the decree and obtain an order decreeing that such arrears of alimony are due and payable. However, before such an order is issued the defendant

---

2. Sistare v. Sistare, 218 U.S. 1, 30 S.Ct. 682, 54 L.Ed. 905, 28 L.R.A., N.S., 1068, 20 Ann.Cas. 1061; Miller v. Miller, 74 App.D.C. 216, 122 F.2d 209; Junghans v. Junghans, 72 App.D.C. 129, 112 F.2d 212; Caples v. Caples, 5 Cir., 47 F.2d 225, certiorari denied 284 U.S. 630, 52 S. Ct. 13, 76 L.Ed. 537; Rosenberg v. Rosenberg, 152 Md. 49, 135 A. 840; Plant v. Plant, D.C.Mun.App., 57 A.2d 204; 27 C.J.S., Divorce, § 328.

3. Sistare v. Sistare, supra; Cotter v. Cotter, 9 Cir., 225 F. 471; Phillips v. Kepler, 47 App.D.C. 384; see also Barber v. Barber, 21 How. 582, 16 L.Ed. 226; Lynde v. Lynde, 181 U.S. 183, 21 S. Ct. 555, 45 L.Ed. 810.

4. Sistare v. Sistare, supra; Hanson v. Loomis, D.C.Pa., 18 F.Supp. 527; McAlister v. McAlister, 214 Ala. 345, 107 So. 843; Lechner v. Lechner, 154 Fla. 114, 16 So.2d 816. But see Justice Jackson's concurring opinion in Barber v. Barber, 323 U.S. 77, 86, 65 S.Ct. 137, 89 L.Ed. 82, 157 A.L.R. 163.

5. Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82, 157 A.L.R. 163.

has the right to urge modification of such past due sums.[6] When an order decreeing the arrears of alimony due and payable is obtained, that order clearly becomes a final judgment which is entitled to full faith and credit in other jurisdictions.[7] In the present case no such order has been obtained.

We reach the conclusion, therefore, that the Maryland decree here sued on did not possess that degree of finality as to be entitled to the full faith and credit mandate of the Constitution.

We think it appropriate to add that, as shown by papers on file in the Municipal Court, which we have ordered produced under our Rule 32(c), defendant below was still a resident of Maryland when the present action was commenced but was served with process at his place of employment in the District of Columbia.

Reversed.

---

6. Winkel v. Winkel, supra.

7. Barber v. Barber, 323 U.S. 77, 65 S.Ct. 137, 89 L.Ed. 82, 157 A.L.R. 163.