ELIZABETH M. WILLARD v. ROBERT B. RODMAN.

(Filed 2 February, 1951.)

**Divorce and Alimony § 16: Constitutional Law § 28—Right to enforce payment of alimony due under decree rendered by another state.**

Plaintiff brought suit in this State upon a judgment decreeing the payment of alimony to her rendered by the court of another state in her action for divorce *a vinculo. Held:* Judgment for the amount of alimony admitted to be due under the decree of such other state was properly entered

under the full faith and credit clause of the Federal Constitution, even though our laws do not authorize alimony upon divorce a vinculo, but it was error to enter judgment here directing defendant to pay the future installments of alimony as they become due under the foreign decree, even though our court adopts the foreign decree as its judgment, since the original decree is subject to modification by the court rendering it, and the full faith and credit clause does not require enforcement by our courts as to future installments of alimony. The foreign decree may be used here for suit or suits to collect unpaid installments when they have accrued thereunder subject to any modification of the original decree. Judgments for alimony accrued are enforceable by execution but not by contempt proceedings.

APPEAL by defendant from Grady, Emergency Judge, September Term, 1950, of NEW HANOVER.

This action was based on a judgment rendered in the State of Florida.

The plaintiff alleges in her complaint that she instituted an action for absolute divorce from the defendant in 1941, in a court of competent jurisdiction in Bradford County, in the State of Florida; that the plaintiff and defendant were parties to the action and that the defendant appeared by his attorney and filed an answer to her complaint; that a final judgment or decree was rendered in favor of plaintiff and against the defendant, granting to the plaintiff a divorce a vinculo matrimonii, and the right to resume the use of her maiden name, to wit, Elizabeth M. Willard, and further decreeing that "said defendant shall pay or cause to be paid to the said plaintiff the sum of $100.00 monthly, as support and maintenance of the said plaintiff, in the amounts and upon the dates respectively fixed therefor in that certain agreement of the parties, dated 3 July, 1941, to wit, on or before the 5th day of each month, but that the sums hereby decreed to be paid by the said defendant are awarded in accordance with and by way of approval of the said agreement, which said agreement is to remain in full force and effect, irrespective of the terms of this final decree."

The plaintiff also alleges that the Florida judgment is still in full force and effect, and she attaches to her complaint an exemplified copy of the record in said suit in the Circuit Court of Bradford County, Florida, in Chancery, including the pleadings, evidence, report of Master and decree or judgment, and she alleges further that there is due and payable to her by the defendant under said judgment the sum of $8,400.00 accrued alimony for months beginning with August, 1943, to date, with interest at the rate of 6% per annum on each installment due thereunder; that no part has been paid except $50.00 on 20 August, 1943, $50.00 on 12 November, 1943, and $50.00 on 24 February, 1944.

The defendant moved to strike certain allegations of the complaint and during the hearing on the motion to strike, according to the record,

counsel for defendant (not defendant's present counsel), upon being questioned by the court, admitted that the judgment or decree referred to herein was and is a valid judgment and that the Florida Court which entered the judgment had jurisdiction of the subject matter and jurisdiction of the parties. He also admitted in open court that the defendant has not paid the amounts due under said judgment and that he still owes the plaintiff the amounts set forth in the complaint; thereupon counsel for plaintiff, in open court, moved for judgment upon the admissions of defendant's counsel. By consent in open court, of counsel for plaintiff and defendant, it was agreed that judgment might be signed out of term, and out of the county.

Whereupon, the court allowed the defendant's motion to strike in part and denied it in part, and also entered judgment for the plaintiff and against the defendant for the past due and unpaid installments payable under the Florida judgment, with interest as prayed for in the complaint, and further ordered, adjudged and decreed that the judgment of the Florida Court, dated 23 October, 1941, be, and the same hereby is adopted and made the judgment of the Superior Court of New Hanover County, North Carolina. The court thereupon entered an order directing future payments of alimony, as follows:

"Ordered and Adjudged that the defendant pay, or cause to be paid to the Clerk of the Superior Court, for the use and benefit of the plaintiff, the sum of One Hundred Dollars on September 3, 1950, and on the 3rd day of each month thereafter so long as the plaintiff may live, or until she remarries; and the costs of this action as taxed by the Clerk.

"This cause will be retained upon the docket for such other and further decrees as may be entered from time to time."

The defendant appeals and assigns error.

*Thomas W. Davis* for plaintiff.
*John F. Crossley and Rountree & Rountree* for defendant.

DENNY, J. The defendant contends the court below was without authority to enter judgment upon the admissions of his counsel. This contention is without merit. Moreover, it was admitted in this Court by counsel for defendant that the defendant owes the plaintiff the amounts alleged to be due her in the complaint and for which judgment was entered below. Nor was it suggested by counsel that the defendant has a meritorious defense to the action. Therefore, under the full faith and credit clause of the Constitution of the United States, the plaintiff is entitled to a money judgment for the past due and unpaid installments which had accrued under the Florida decree at the time of the institution of this action. *Barber v. Barber,* 323 U.S. 77, 89 L. Ed. 82, 65 S. Ct.

137, 157 A.L.R. 163; *Sistare v. Sistare,* 218 U.S. 1, 54 L. Ed. 905, 30 S. Ct. 682; *Lynde v. Lynde,* 181 U.S. 183, 45 L. Ed. 810, 21 S. Ct. 555; *Webb v. Webb,* 222 N.C. 551, 23 S.E. 2d 897; *Lockman v. Lockman,* 220 N.C. 95, 16 S.E. 2d 670; *Arrington v. Arrington,* 127 N.C. 190, 37 S.E. 212; *Thomas v. Thomas,* 14 Cal. 2d 355, 94 P. 2d 810; *Van Loon v. Van Loon,* 132 Fla. 535, 182 So. 205; *Campbell v. Campbell,* 28 Okla. 838, 115 P. 1111; *Armstrong v. Armstrong,* 117 Ohio St. 558, 160 N.E. 34, 57 A.L.R. 1108; *Rosenberg v. Rosenberg,* 152 Md. 49, 135 A. 840; A.L.I. Restatement, Conflict of Laws, Section 464. Consequently, the judgment entered below, in so far as it relates to past due and unpaid installments, accruing under the Florida decree, will not be disturbed.

The defendant presents a more serious question by his exception to that portion of the judgment entered below which directs the defendant to pay into the office of the Clerk of the Superior Court (of New Hanover County), for the use and benefit of the plaintiff, the sum of One Hundred Dollars on 3 September, 1950, and a like sum on the 3rd day of each month thereafter so long as the plaintiff may live, or until she remarries.

The full faith and credit clause in our Federal Constitution does not obligate the courts of one state to enforce an alimony decree rendered in another state, with respect to future installments, when such future installments are subject to modification by the court of original jurisdiction. *Sistare v. Sistare, supra; Lynde v. Lynde, supra; Biewend v. Biewend,* 17 Cal. 2d 117, 109 P. 2d 701, 132 A.L.R. 1264; *Kossower v. Kossower* (N.J.), 142 A. 30; *German v. German,* 122 Conn. 155, 188 A. 429; 17 Am. Jur., Sec. 762, p. 576.

It is said in the last cited authority: "Where a foreign decree is subject to modification by the court in which it was entered, neither the Federal Constitution nor the principle of comity requires the courts of another state to enforce it, since no court, other than that having jurisdiction in the original suit, can undertake to administer the relief to which the parties may be entitled without bringing about a conflict of authority and a condition of chaos."

We have examined the law applicable to the facts in this case, and find that a decree for the payment of alimony entered by any court of competent jurisdiction in the State of Florida, whether based upon an agreement of separation, a voluntary property settlement, or in connection with an action for divorce or separate maintenance, is subject to modification as to future installments under the provisions of Chapter 16780, Acts of 1935, Codified as Section 65.15, Florida Statutes 1949.

There is no statute in this State which authorizes a judgment to be entered for the payment of alimony, in an action for divorce *a vinculo matrimonii.* Even so, this does not prevent the institution of an action on a judgment of another state for the collection of past due installments

of alimony awarded in a decree for absolute divorce in accord with the laws of such state. *Lockman v. Lockman, supra.*

However, we know of no authority, statutory or otherwise, in this jurisdiction, which authorizes or requires the entry of a decree requiring the payment of alimony based on a judgment rendered in another state, when such judgment is subject to modification in this respect by the courts of the other state. And whatever may be the rule in some jurisdictions as to comity in such cases, such a judgment as to future installments of alimony is not entitled to enforcement under the full faith and credit clause of our Federal Constitution. 27 C.J.S., Sec. 328, p. 1281. *Biewend v. Biewend, supra; Bamboschek v. Bamboschek,* 270 N.Y.S. 741, 150 Misc. 885.

The adoption of the Florida judgment as the judgment of the Superior Court of New Hanover County does not change the existing rights of the parties thereunder. It may be used, however, as a basis for a suit or suits to collect unpaid installments which may accrue under the Florida decree in the future, subject to any modification of the original decree which may have been made in the meantime. *Lynde v. Lynde, supra; Kossower v. Kossower, supra;* Keezer—Marriage and Divorce, 3rd Ed., Sec. 676, p. 723.

It follows, therefore, the plaintiff is not entitled to a judgment in this jurisdiction, directing the defendant to pay future installments of alimony. She is entitled only to a money judgment for past due and unpaid installments due her under the Florida decree, which judgment is enforceable by execution and not by contempt proceedings. 27 C.J.S., Sec. 328, p. 1282; Nelson—Divorce and Annullment, Vol. 2, Sec. 16.05, p. 296 *et seq.; Lynde v. Lynde, supra; German v. German, supra; Harrington v. Harrington,* 233 Mo. App. 390, 121 S.W. 2d 291.

The judgment entered below will be modified in conformity with this opinion.

Modified and affirmed.