## JOANNA LEE BARRELL *v.* JOHN MacMILLIAN BARRELL

[No. 1119, September Term, 1978.]

*Decided September 7, 1979.*

The cause was argued before GILBERT, C. J., and MORTON and MELVIN, JJ.

*Claude L. Callegary* for appellant.

*John D. Alexander, Jr.,* with whom were *Allen, Thieblot & Alexander* on the brief, for appellee.

MELVIN, J., delivered the opinion of the Court.

The primary issue in this case is whether an action pursuant

to Maryland Code (1957, 1979 Repl. Vol.) Art. 89C, §§ 1, *et seq.* (Uniform Reciprocal Enforcement of Support Act) (URESA) is the exclusive means in this State of enforcing an alimony decree of another state. We hold that it is not.

The appellant, Joanna Lee Barrell, a resident of Maryland, filed a bill of complaint on February 21, 1978 in the Circuit Court of Baltimore City, praying that the court adopt and enforce the alimony provisions of a Georgia divorce decree dated April 27, 1972.[1] The appellee, John MacMillian Barrell, a non-resident of Maryland, was served with a summons at Baltimore- Washington International Airport when he arrived to celebrate his daughter's birthday.

In response to the complaint, the appellee filed a motion raising preliminary objections which asserted the following defenses: 1) lack of jurisdiction over the person, 2) insufficiency or illegality of process, 3) insufficiency or illegality of service of process, and 4) lack of jurisdiction over the subject matter. Md. Rule 323 a.

After a brief hearing on the motion on May 9, 1978, the trial judge requested that the parties submit memoranda of law on the issues presented. By an order dated September 15, 1978 the appellee's motion was granted. As a statement of grounds for its decision the court incorporated those grounds set forth in the appellee's memorandum in support of his motion. The primary thrust of the memorandum was that URESA is the exclusive means of enforcing an alimony decree of another state and that although the appellant had invoked URESA enforcement provisions, she failed to follow those provisions. Sections 31 through 36 of URESA provide for the "Registration of Foreign Support Orders" which, when confirmed, have the same effect and may be enforced as if originally entered in the courts of this State. The manner in which the orders should be registered is prescribed by Section 34, which states:

> "The petition for registration shall be verified and shall set forth the amount remaining unpaid and a

1. Under this decree the appellant was entitled to $1,200 per month alimony payments. At the time the bill of complaint was filed, appellee was allegedly $29,400 in arrears in his payments.

> list of any other states in which the support order is registered and shall have attached to it a certified copy of the support order with all modifications thereof. The foreign support order is registered upon the filing of the petition subject only to subsequent order of confirmation."

Because the complaint was neither verified nor accompanied by a certified copy of the support order, proper service, according to the lower court, could not issue, and the court was, therefore, unable to obtain jurisdiction over the person or subject matter.

On appeal, as she did below, the appellant contends that her action is "not a proceeding under the Act [URESA]" but is "a proceeding under the Court's general equity powers as construed in *McCabe v. McCabe* [210 Md. 308, 123 A.2d 447 (1956)]," and that URESA does not prescribe the exclusive means of enforcing a foreign alimony order.

At the outset, we agree that there is nothing in the bill of complaint to indicate that appellant sought to invoke the enforcement provisions of URESA. Appellee contends that merely because the bill asked that the court "adopt" the Georgia decree "as its own" and "enroll said Decree of Divorce in the records of this court" the appellant was bound at her peril to follow all the enforcement provisions of URESA. We find no merit in this contention. We turn then to the primary issue of whether the provisions of URESA provide the exclusive means of enforcing a foreign alimony decree.

The established law in Maryland, prior to the enactment of URESA in 1951, was that a court in this State will enforce an alimony decree of another state for the amount due and unpaid thereunder. *Lee v. Lee,* 220 Md. 325, 331-2, 152 A.2d 561 (1959); *Rosenberg v. Rosenberg,* 152 Md. 49, 51, 135 A. 840 (1927). In *McCabe v. McCabe, supra,* decided *after* the original enactment of URESA, the Court of Appeals held:

> "We need not and do not decide now the answer to the various problems that may arise in the enforcement in equity of foreign decrees for alimony

and support. We decide only that in Maryland an equity court can enforce a decree of another state, both as to alimony accrued and to accrue, and may use for its enforcement the same equitable remedies and sanctions it could use to enforce a decree it had duly entered in the first instance, even as the Legislature has said it may use such remedies and sanctions to enforce orders of support under the Uniform Reciprocal Enforcement of Support Act, Code, 1951, Art. 89C, Sections 13 and 15." 210 Md. at 317-318.

The appellee argues that the registration provisions of URESA (Sections 31 through 36, enacted in 1965, after *McCabe)* preclude the obligee of a foreign support order from enforcing the order unless those provisions are followed. The appellee, in effect, claims that the remedy previously provided in this state has been replaced by that now provided by URESA. To the contrary, Section 3 of URESA expressly provides that "the remedies herein provided are *in addition to* and not in substitution for any other remedies." That URESA provides an alternate means of enforcing a foreign support order, rather than an exclusive means, was alluded to by the Court in *Abb v. Crossfield,* 23 Md. App. 232, 236, 326 A.2d 234 (1974). In *Abb* the appellant argued that a URESA action was precluded by his former wife's right to enforce the decree in Maryland as a foreign judgment. In rejecting the appellant's argument we said:

> "The appellant *correctly* points out that Mrs. Abb could have sought enforcement of her decree and separation agreement in the Maryland courts as a foreign judgment. It does not follow, however, that the availability of that *option* should be construed as precluding a URESA action initiated in another jurisdiction." (Emphasis added).

Likewise, in this case, the availability of a URESA action is an *additional* means of enforcing the alimony decree, and does not preclude the pursuit of other remedies available to the appellant. *Accord, Haas v. Haas,* 282 Minn. 420, 424, 165

N.W.2d 240 (1969), and *Zelek v. Brosseau,* 47 N.J. Super. 521, 136 A.2d 416, 422-423 (1957).

The bill of complaint in this case established subject-matter jurisdiction in the equity court below and the service of process upon the defendant while in Maryland established jurisdiction over his person. The motion raising preliminary objections contending to the contrary was, therefore, granted in error.

> *Order reversed.*
>
> *Case remanded for further proceedings.*
>
> *Appellee to pay costs.*