MRS. AMANDA ROBINSON v. BROTHERHOOD OF LOCOMOTIVE FIREMEN AND ENGINEERS.

(Filed 12 January, 1916.)

*1.* Insurance—Fraternal Orders—Rules—Waiver—Estoppel.

A policy in the insurance department of a fraternal order cannot be recovered on when issued by a local agent contrary to its rules and regulations as contained in its constitution and by-laws, unless the defect has been waived by the company or it is in some way estopped from insisting on the forfeiture.

2. Same—Dual Relationship—Insurer and Insured.

A member of a fraternal order holding a policy of life insurance or benefit certificate in its insurance department occupies a dual relationship towards the company; for, as a member he is bound by the rules and proceedings of the order regularly taken, and as a holder of one of the policies he stands towards the company, under his policy, in the relationship, in most respects, of insurer and insured, and subject to the principles prevailing in that class of contracts.

3. Principal and Agent—Known Restrictions.

While a contract within the apparent scope of an agent's powers may ordinarily be enforced against the principal, this position is not allowed to prevail where the contract is in violation of express restrictions on the agent's authority, and these restrictions are known to the party dealing with him; for in such case the latter may not insist on the validity of such a contract as against the principal.

4. Same—False Representations—Estoppel—Insurance—Fraternal Orders.

Where an insurance policy in a fraternal order is issued in violation of certain restrictions contained in the constitution and by-laws of the com-

35—170

pany, and there is evidence tending to show that this fact was known at the time to the applicant, and the policy was issued by reason of false and material statements on the part of the applicant, the company is not estopped, as a conclusion of law, from resisting payment of the policy because of the fact that the agent of the company also knew that the applicant's statements were false.

**5. Insurance—Principal and Agent—Imputed Knowledge—Local Agents— Issues—Instructions—Appeal and Error.**

In this action to recover upon a policy of life insurance claimed by the defendant to be invalid because of material and false representations made in the application for it, it is *Held*, that knowledge of the local medical examiner authorized to ascertain the facts was knowledge imputable to the company, and that the data on file at the home office may also affect the company with notice.

APPEAL by defendant from *Lyon, J.,* at February Term, 1915, of GUILFORD.

Civil action to recover on a policy of insurance.

On the trial it was made to appear that in November, 1911, Adolphus Robinson died, being a member of defendant order and holding a policy of insurance therein or a beneficiary certificate for $2,000, of date 1907, plaintiff being the beneficiary, and that proper proof of such contract and death had been duly made; that payment of said certificate was refused by defendant on the ground, established by the verdict, that said Adolphus Robinson, in making the application in 1907, on which he had obtained the certificate, falsely represented himself to be 35 years of age when he was, at the time, 50 years old or more. The constitution and by-laws of defendant were put in evidence, containing a provision that persons over 45 years of age could not participate in the beneficiary department, and the depositions of A. H. Hawley, general secretary and treasurer of the order, and of W. B. Cary, grand medical examiner, the officers having charge and control of this insurance department, were also introduced, containing testimony to the effect that they had issued the policy or certificate in question on the statements in the application at the time same was issued; that they had no knowledge that deceased was over 45 years of age and that they would not have issued the policy or certificate if this had been known to them. It further appeared that when the application of the deceased was forwarded to the Grand Lodge, the questions touching the age of the applicant, his occupation, etc., were unanswered; that the secretary and medical examiner, having perceived this omission, returned the application to the medical examiner of the local lodge, who, by the laws of the order, was to fill out the answers, as directed by the applicant, and attention was called to the omitted answers by an index hand, pointing to each, on the margin of the application, and, on the return of the application properly filled and giving the age of the applicant as 35, the policy was issued. The local examiner testified that he filled the

omitted and other answers just as directed by the applicant, and in support of the testimony of these parties the original application was produced, showing an entry stamped thereon and attached thereto and giving indication that it had been returned for correction as testified by the witnesses.

It was proved further by defendant's witnesses that before or at the time of refusing payment the defendant had made proper tender of repayment of the fees and dues which had been paid on the certificate during the membership of the deceased.

In reply to this there was evidence on the part of plaintiff tending to show that the medical examiner of the local lodge could or should have seen from the appearance of the applicant that he was over 45 years of age at the time of application made, and, furthermore, that in the same application containing the statement that the deceased was 35 years of age deceased had, in answer to another question, stated that he had formerly been a member of the order, from Lodge No. 457, and that his membership had lapsed in 1893, and that pursuant to notice in the present cause, duly issued, defendant had produced from the files of the Grand Lodge the application made by deceased at the time of his former admission to the order, and in that his age had been truly stated, the application having been made in 1891 and his age then given as 34 years.

It was shown further that deceased, holding the certificate, had continued to pay the regular dues and otherwise act as a member of the order, holding his said certificate from his last admission in 1907 till his death in November, 1911.

On this evidence for and against the claim and appropriate pleadings in affirmance and denial of liability, the following issues were submitted and responded to by the jury:

1. Did the defendant issue to Adolphus Robinson its beneficiary certificate in the sum of $2,000, as alleged in the complaint? Answer: "Yes."

2. Is plaintiff the widow of the said Adolphus Robinson and the beneficiary in the said certificate? Answer: "Yes."

3. Was the insured, Adolphus Robinson, above 45 years of age at the time of making application for the beneficiary certificate sued on? Answer: "Yes."

4. Were the representations as to the age of insured fraudulently made by said Adolphus Robinson with the intention to deceive the defendant, and was the defendant thereby deceived? Answer: "No."

5. If Adolphus Robinson was above 45 years of age at the time of filing the application, did the defendant at the time of filing said application or of the issuance of the certificate thereon, or at the time of the receipt of the last premium, know that the said Adolphus Robinson

was above 45 years of age when the application was filed? Answer: "Yes."

6. Under the rules and regulations of the defendant was the said Adolphus Robinson ineligible for membership in the beneficiary department of the defendant? Answer: "Yes."

7. If so, did the defendant waive such rules and regulations? Answer: "Yes."

8. If the said Adolphus Robinson was ineligible for membership in the beneficiary department of the defendant, is the defendant estopped to set up his ineligibility therein? Answer: "Yes."

9. What amount, if any, is plaintiff entitled to recover of the defendant on account of said beneficiary certificate? Answer: "$2,000 and interest from 15 November, 1911, to date."

There was judgment for plaintiff, and defendant excepted and appealed.

*Brooks, Sapp & Williams for plaintiff.*
*J. I. Scales for defendant.*

HOKE, J., after stating the case: There being evidence tending to show that the policy or certificate sued on was issued contrary to the rules and regulations of defendant company as contained in its constitution and by-laws, the same cannot be recovered on unless this defect has been in some way waived or the company is estopped from insisting on a forfeiture. Speaking, then, to the facts as established by the verdict, it is the recognized position in this State that in one of these fraternal organizations having an insurance department as one of its features a member holding a policy of insurance or benefit certificate occupies a double relationship towards the company. As a member he is bound by the rules and proceedings of the order, regularly taken, but as a holder of one of the policies he stands, and under his policy the relationship, in most respects, is that of insurer and insured and subject to the principles ordinarily prevailing in that class of contracts. *Bragaw v. Supreme Lodge,* 128 N. C., pp. 354-357; *Peterson v. Gibson,* 191 Ill., 365. Considering the record in that aspect, it has been held in several cases with us, and the ruling is well supported by authority elsewhere, that when a policy has been obtained on application of the insured, and the same contains false statements, material to the risk, and the company, with full knowledge of the facts and the falsehood, issues a policy, receives the premiums, and recognizes and continues to recognize the applicant as holding a contract of insurance, it will ordinarily be estopped from insisting on a forfeiture of the policy that might otherwise ensue. *Fishblate v. Fidelity Co.,* 140 N. C., pp. 589-595; *Gwathney v. Ins. Co.,* 132 N. C., 925; *Grabbs v. Ins. Co.,* 125 N. C., 389; *Horton v. Ins. Co.,* 122 N. C., 498; *Follett v. Accident Assn.,* 110

N. C., 377; *Bergeron v. Ins. Co.,* 111 N. C., 45; *Ins. Co. v. Goyne,* 79 Ark., 315; *Ins. Co. v. Galligan,* 71 Ark., 295; *Ins. Co. v. Vogel,* 166 Ind., 239.

But this principle, we apprehend, will be found to exist chiefly in reference to the terms of the contract between the parties or the adjustment of rights thereunder where the policies of an incorporated company are issued through a general agent, having full power in the premises or where the agent, though one of restricted powers, has issued the policy in the course and scope of his agency and to an applicant who has no notice of the limitations upon his powers. *Gwaltney v. Ins. Co., supra; Miller v. Ins. Co.,* 31 Iowa, 216; *Ins. Co. v. Wilkinson,* 80 U. S., 222. And we see no reason why, in a case of limited or restricted agency, the general doctrine applicable should not prevail, to the effect that one who deals with an agent of that kind, having notice of restrictions put upon his power, is bound by such limitations and may not insist on a contract which he knows is in excess of the power conferred. *Wynne v. Grant,* 166 N. C., 39; *Stephens v. Lumber Co.,* 166 N. C., 107; *Swindell v. Latham,* 145 N. C., 144; *Bank v. Hay,* 143 N. C., 326; *Building and Loan Assn. v. Home Savings Bank,* 181 Ill., 35; *Ins. Co. v. Wilkinson, supra.*

In the present case the agents acting for the company, while having general charge and control of the insurance department, were prohibited by express provision in the constitution and by-laws from issuing any certificate to a member over 45 years of age at the time of his application, and there are facts in evidence tending to show that the applicant was aware of this limitation on the agent's powers, and falsely represented his age as 35 years. While the knowledge of the company of the falsity of this statement might, under the decisions heretofore cited, prevent defendant from insisting on such representations as a feature of the contract between the parties, it does not, to our mind, prevent the operation of the principle that one dealing with an agent of restricted powers and having notice or knowledge of existent limitations is bound by them.

As said in the recent case of *Woodly v. Telephone Co.,* 163 N. C., 284: "In order to a valid waiver, there must be an agreement founded on sufficient consideration or some element of estoppel *in pais.*" And if the applicant attempted to make a contract with the agents of defendant when he had notice or knowledge that they were acting in excess of their powers, and particularly if he procured the contract by reason of his own false statements, no recovery should be allowed on such a contract.

There could be no waiver by agreement, for an utter want of capacity in the agents to make it, nor by estoppel, for that would clearly not arise to one who was aware of the agent's lack of power. True, there

are many well considered decisions to the effect that limitations on the powers of an agent will only avoid a policy of insurance when they are contained in the legislative charter of the general law affecting the contract, *Wood v. Mystic Order,* 212 Ill., 532; *In re Assignment Mutual Ins. Co.,* 107 Iowa, 143; but these were cases applying the doctrine of *ultra vires,* by which the contracts were avoided whether the applicant had notice of the limitation or not, and there is nothing in these decisions which militates against the enforcement of conventional limitations when, as stated, the applicant may have known of the agent's lack of power to make the contract.

His Honor's ruling, to the effect that notice of the applicant's age to the local medical examiner, acting in this particular matter for and by authority of the central lodge, would be imputed to the company, is in accord with authoritative decisions here and in other jurisdictions, *Bragaw v. Supreme Lodge, supra; Grabbs v. Ins. Co.,* 125 N. C., *supra; Knights of Pythias v. Withers,* 177 U. S., 260; *Johnston v. Ins. Co.,* 123 Ga., 404; and there is also authority for the position as expressed by him, that data on the official files of the company, received in former dealings with the applicant, giving his correct age, etc., may, at times and on some issues, affect the company with notice, *O'Rourke v. Ins. Co.,* 23 R. I., 457; *Ins. Co. v. Nichols,* Court Civ. App., Texas, 26 S. W., 998; but he committed reversible error in making, as he did in his charge, the determination of the seventh and eighth issues to depend entirely on the response to the fifth issue, that is, on the knowledge the company, through its agents, may have had of the falsity of the applicant's statements at the time the policy was issued, for, though the company may have known this, the policy being in excess of the powers conferred upon these agents, if the applicant was aware of this at the time, he could insist neither on the principle of waiver by agreement nor estoppel.

For the error indicated, there will be general new trial, and this will be certified, that the cause may be properly determined on these or other issues properly determinative of the controversy.

New trial.