### J. W. BROOKS v. ORANGE RICE MILL COMPANY.

(Filed 26 October, 1921.)

**1. Banks and Banking—Bills and Notes—Drafts—Holder in Due Course—Agency for Collection.**

Where a foreign draft has been attached by a local creditor of the drawer while in a bank subject to the jurisdiction of our courts, and the forwarding bank has intervened and claims as a purchaser of the paper for value and in due course, and has introduced evidence to that effect, a question of fact is raised for the determination of the jury, when the intervener's evidence also raised an inference that it was simply an agency for collection.

**2. Same—Attachment.**

A draft made by a nonresident debtor is the subject of attachment in the resident creditor's action, in the courts of this State, when it has not been transferred to another in due course, etc.

**3. Same—Evidence—Questions for Jury.**

A resident creditor attached in his local bank a draft by his debtor on another, payable to himself, and the forwarding bank intervened and claimed as a purchaser for value in due course, and its evidence tended to establish its claim; but it further testified that it would look to the drawer, its depositor, for the payment of the discount and the rate of interest it charged: *Held,* it was for the jury to determine whether the interpleader was a holder in due course for value or merely an agency for collection.

**4. Instructions—Verdict Directing—Evidence.**

An instruction that directs a verdict upon the evidence in favor of one of the parties to the action, is reversible error to the prejudice of the other, when there are such reasonable inferences therefrom as would justify the verdict of the jury in his favor.

**5. Same—Form—Appeal and Error—Prejudice.**

The language of a direction by the trial judge of the verdict upon the evidence in favor of a party to the action, that "if you believe the evidence testified to by the witnesses in the case" they should so find, is inexact and contrary to the form suggested by the Supreme Court, and will constitute reversible error when to the prejudice of the other party appealing therefrom.

APPEAL by plaintiff from *Kerr, J.*, at June Term, 1921, of NEW HANOVER.

Plaintiff, a citizen of this State, having a cause of action against Orange Rice Mill Company, a foreign-resident corporation, instituted this suit in the Superior Court of New Hanover County and sought to obtain service upon the defendant by attaching the proceeds of a certain draft in the hands of the American Bank and Trust Company of Wilmington, N. C., it being alleged that said funds belong to the defendant.

Thereafter, on 29 March, 1920, the Orange National Bank, of Orange, Texas, was allowed to intervene and set up its claim of title to the proceeds of said draft.

The cause then came on for trial upon the issue of ownership raised by the interpleader. There was evidence tending to show that the draft in question had been purchased by the Orange National Bank, and that it alone was interested in its collection. But on cross-examination the cashier of the intervening bank testified as follows:

"We accepted this draft at the rate of 6 per cent discount. No notation was made on the face of the draft to that effect. It was not the policy of our bank at this time to accept this draft with bill of lading attached at 6 per cent discount and treat the paper as cash and become the absolute purchaser of it, releasing the Rice Mill from liability for nonpayment with the possibility of losing the amount, or even the discount, if for any reason the goods were refused and the draft returned the Rice Mill would take it up. We did not unconditionally release the Rice Mill when the draft was cashed.

"As I stated, in case of goods refused or draft returned the Rice Mill Company would reimburse us. We bought it outright with that exception. The bank was to accept and discount drafts with bill lading attached on parties against whom they were drawn and to charge 6 per cent interest on such drafts until paid and the funds placed in the bank's hands. The discount and the interest were the obligations of the Orange Rice Mill Company.

"In the event the American Bank and Trust Company does not pay this draft, we would not look to the Rice Mill Company to reimburse us to the extent it was not paid."

Witness was then asked, "Would you release the Rice Mill Company from all obligations in connection with Heyer Bros. transaction?" to which the witness answered, "Yes, legally."

At the close of the evidence his Honor charged the jury that "if they believed the evidence testified to by the witness in the case," they would answer the issue in favor of the intervener. Plaintiff appealed.

*Robert Ruark and Wm. B. Campbell for plaintiff.*
*Rountree & Davis for interpleader.*

THOMPSON v. LUMBERTON.

STACY, J. We think the evidence upon the issue as to whether the intervening bank was an agent for collecting the draft in question, or a purchaser thereof for value, and sufficiently equivocal, if not contradictory, to require a finding by the jury, and that his Honor's charge, which practically amounted to a direction of the verdict, was erroneous.

Of course, if the intervener held the draft as a purchaser for value, the proceeds derived therefrom could not be attached in the hands of the American Bank and Trust Company as the property of the Orange Rice Mill Company; but, on the other hand, if the intervener acted merely as a collecting agent, the proceeds would belong to the defendant, and consequently they would be subject to attachment in the hands of the garnishee Trust Company. *Worth Co. v. Feed Co.,* 172 N. C., 335; *Markham-Stephens Co. v. Richmond Co.,* 177 N. C., 364.

The plaintiff also excepts to the form of expression, "If you believe the evidence testified to by the witness in the case," employed by his Honor in charging the jury. This language is inexact and, while in proper instances it will not be held for reversible error—and should not be unless the objecting party has in some way been prejudiced thereby—yet this Court has taken occasion, in a number of cases, to say that a different form of expression is more desirable. *Holt v. Wellons,* 163 N. C., 124; *S. v. R. R.,* 149 N. C., 508; *S. v. Godwin,* 145 N. C., 461, and cases there cited; *S. v. Simmons,* 143 N. C., 613; *Merrell v. Dudley,* 139 N. C., 59, and cases there cited; *Sossamon v. Cruse,* 133 N. C., 470.

For the error, as indicated, in directing a verdict on evidence from which different inferences may be drawn, we are of opinion that the cause must be submitted to another jury, and it is so ordered.

New trial.