ARMOUR FERTILIZER WORKS v. W. B. COX AND FANNIE COX, HIS WIFE.

(Filed 30 April, 1924.)

**Instructions—Evidence—Directing Verdict—Appeal and Error.**

> In an action to recover upon certain notes, the due execution of which is not in dispute, given by defendants for fertilizer, the defendants offered in evidence a part of the complaint alleging that they owed the plaintiff the full amount of the notes sued on, but the defendants claimed a deduction on account of not having received a certain portion of the goods, etc.: *Held,* the evidence was susceptible of more than one deduction, and it was reversible error to plaintiff's prejudice for the judge to charge the jury, in effect, to allow defendants' claim for the credit, if they "believed the evidence."

APPEAL by plaintiff from *Stack, J.,* at November Term, 1923, of RICHMOND.

The following is the record of the instruction given the jury: "If you believe the evidence in this case, the court instructs you to answer this

issue, which is, 'In what amount, if any, are defendants indebted to the plaintiff,' to answer that issue the amount of the three notes sued on, with credits of $9.90, $39.25, and $76.16. Gentlemen of the jury, if you believe the evidence, you will answer it the amount of the notes subject to credits amounting to $132.31, and with your permission, I will write your answer here. If you don't believe the evidence, you will instruct me to answer it nothing. Shall I answer it or do you want to go to your room and consider it?

"By the Court: Now I instruct you again, if you believe the evidence in the case, to answer that issue yes, the amount of the three notes sued on, less a credit of $132.31. You can make a note of those figures if you want to. I have added $9.90, $39.25 and $76.16, being the amount of that ton of stuff he said he did not get, with the interest on that amount. Take the case and say how you find."

*E. A. Harrell* for appellant.
*No counsel* for defendant.

ADAMS, J. The plaintiff brought suit to recover the remainder alleged to be due on certain notes executed by the defendants for the purchase of fertilizer. The defendants admitted the execution and delivery of the notes but contended they had ordered two tons of soda and had received only one. W. B. Cox testified to this effect, and his Honor instructed the jury if they believed the evidence to return a verdict for the amount of the three notes sued on less a credit of $132.31. This credit included $76.16, the price of the soda which, according to the evidence of the defendants, they had not received. The evidence, however, was not all one way. The contract describes the fertilizer as "5 tons 8-3-3, 4 tons 8-2-2, 2 tons nitrate of soda, 2 tons kainit"; but the defendants offered in evidence the third paragraph of the complaint in which it was alleged that the plaintiff had sold and *delivered* to the defendants fourteen tons of fertilizer at the price of $549.79. Moreover, the defendants agreed to examine each bag of fertilizer immediately upon its receipt, to verify the weight, quantity, brand, and tag, and to give the plaintiff immediate notice of failure in either of these respects; and a witness for the plaintiff testified that the defendant W. B. Cox in repeated conversations had "never objected to anything respecting the transaction." The plaintiff contended that although the sale was made in 1921, the defendant's claim of a deficiency in the shipment was first made after the suit had been brought.

Under these circumstances the evidence was susceptible of more than one deduction, and it is fully established that where more than one inference may reasonably be drawn from the entire evidence it is improper

for the presiding judge to instruct the jury to return a verdict for either party "if they believe the evidence." *Cox v. R. R.*, 123 N. C., 604, 611; *Board of Education v. Makely*, 139 N. C., 31, 38; *Smith v. Holmes*, 167 N. C., 561; *S. v. Murphrey*, 186 N. C., 113; *S. v. Loftin*, *ibid.*, 205.

For the error assigned there must be a

New trial.