JOHN M. GOULDIN, III, Non Compos Mentis, by ROBERT M. WILEY, Guardian, v. INTER-OCEAN INSURANCE COMPANY.

(Filed 9 April, 1958)

**1. Insurance § 13c—**

Insurer waives a forfeiture provision of the policy when it, with knowledge of the pertinent facts upon which insurer might declare forfeiture, engages in acts, declarations or a course of dealing inconsistent with intention to enforce the forfeiture and leads insured honestly to believe that it will not insist upon forfeiture and that the insurance is still in force.

**2. Same—**

While knowledge is a prerequisite to waiver, an insurer is charged with knowledge not only of the facts disclosed, but also of such other facts as would have been discovered by reasonable inquiry which an ordinarily prudent person would have made upon the facts disclosed.

**3. Same—**

Insurer is presumed to be cognizant of data in the official files of the company received in formal dealings with insured.

**4. Same—**

Ordinarily, where insurer denies liability for a loss on one ground,

with knowledge of another ground of forfeiture, insurer is estopped to assert such other ground if insured has acted upon the reasonable belief that such other ground would not be asserted.

**5. Waiver § 2—**

Waiver is a mixed question of law and fact, but when the facts are determined or are all one way, waiver is a question of law.

**6. Insurance § 39— Evidence of insurer's waiver of forfeiture for misrepresentations in applications held sufficient for jury.**

Insured obtained the policies of health and accident insurance sued on without disclosing previous hospitalization for barbiturate intoxication. After issuance of the policy insured was hospitalized for reasons which included drug intoxication, and upon his proof of claim for hospital benefits under the policies, insured, in answer to a question as to whether he had had this disease before, stated, "Yes, * * * 1952 (?). Check claim records with your company," and this claim was processed and paid. Insured had filed no claim for the 1952 hospitalization. Thereafter, insured suffered disability from a gunshot wound, and insurer denied claim therefor on the ground that the injuries resulted from attempted suicide, not covered by the policy, and filed answer denying liability solely on this ground. Later, insurer filed supplemental answer setting up the forfeiture for misrepresentations in the applications for the policies, mainly for failure to disclose the 1952 hospitalization. Insured had expressly waived provision of law regarding confidential communications between physician and patient. *Held:* The evidence is sufficient to justify, though not to require, an affirmative answer to the issue of waiver by insurer, and therefore the court properly denied plaintiff's motion for a peremptory instruction and submitted the issue of waiver to the jury.

**7. Trial § 29—**

Where the evidence bearing upon an issue is susceptible to diverse inferences, the court properly refuses motion for a peremptory instruction thereon.

**8. Evidence § 29½: Insurance § 39— Collateral pleading containing self-serving declarations is incompetent as evidence.**

Insurer, after filing answer denying liability on the ground that the injuries sued on resulted from insured's attempted suicide and were not within the coverage of the policies, made affidavit-motion to be allowed to file an amended answer on the ground that it had just discovered misrepresentations in the applications for the policies warranting forfeiture. Insured's guardian asserted waiver of the forfeiture provisions. *Held:* The affidavit-motion was a collateral pleading containing self-serving declarations of a conclusory nature on the crucial question of insurer's knowledge, based in large part on hearsay and presented in a form that deprived plaintiff of his right of cross-examination, and the collateral pleading was incompetent as evidence and its admission was prejudicial.

**9. Appeal and Error § 1—**

Where new trial is awarded upon one assignment of error, questions raised by other assignments of error relating to matters that may not recur on retrial, need not be decided.

APPEAL by plaintiff from *Fountain, Special Judge,* and a jury, at September-October Term, 1957, of WILSON.

Civil action on two health and accident insurance policies, tried upon the following issues, answered by the jury as indicated:

"1. Did the plaintiff suffer loss resulting directly and independently of all other causes, from accidental bodily injuries, as alleged in the complaint? Answer: Yes.

"2. Did the plaintiff make false representations of material facts in his applications for the insurance policies described in the complaint, as alleged in the answer? Answer: Yes.

"3. Did the defendant waive its right of forfeiture for false and material representations in the applications for the policies sued on as alleged in the reply? Answer: No.

"4. What amount, if any, is the plaintiff entitled to recover of the defendant? Answer: None."

The court entered judgment upon the verdict in favor of the defendant, and the plaintiff appealed.

*Battle, Winslow & Merrell for plaintiff, appellant.*
*Robert M. Wiley, Guardian, In Propria Persona.*
*Gardner, Connor & Lee, for defendant, appellee.*

JOHNSON, J.  The two insurance policies in suit were issued in 1955, one in January, the other in June. On 31 August, 1955, the plaintiff was injured by a gunshot blast which ranged upward through the front of his forehead. As a result of the injury he has been declared *non compos mentis.* The claim filed by his guardian was denied on the ground the shooting was an attempted suicide. The policies exclude suicide or any attempt thereat. The guardian instituted this action, alleging that the injury was of accidental origin. The issue raised by the defendant's denial and plea of attempted suicide was resolved by the jury in favor of the plaintiff. As to this issue, the first one, no question is raised by the appeal.

The second issue relates to the question of false representations in the applications for the policies. The defendant by supplemental answer alleged, and at the trial evidence was offered tending to show, that the plaintiff failed to disclose in the applications that he was hospitalized in 1952 for treatment for barbiturate intoxication. The defendant set up and relied on plaintiff's failure to disclose this and other previous illnesses as misrepresentations materially affecting the insurance risk, and on the issue raised by the plaintiff's denials, the trial court gave the jury a peremptory instruction in favor of the insurance company. To this instruction no error is assigned. In fact,

no phase of the trial relating to the second issue is challenged by the appeal.

The case was fought out below over the third issue, that of waiver. All assignments of error brought forward by the plaintiff relate to that issue.

The plaintiff moved the court for a peremptory instruction in his favor on the issue of waiver. The motion was denied. This ruling is the subject of the first assignment of error.

The plaintiff contends that the evidence shows conclusively that the insurance company by its acts and conduct in dealing with the plaintiff waived its right of forfeiture. He insists that the evidence discloses that the company had knowledge of the misrepresentations before he suffered the gunshot wound now in suit; and that after receiving such knowledge the company had dealings with the plaintiff in processing a claim filed by him for a previous sickness and hospitalization and paid the claim, thus treating the policies as still being in effect and leading the plaintiff to regard himself as still insured, thereby waiving the company's right to cancel the policies. As further evidence of waiver, the plaintiff points to the fact that when the instant claim was later filed, the company denied liability on the sole ground of attempted suicide, without mention of any right it may have had to cancel the policies for previous misrepresentations.

The insurance company contends, on the other hand, that the evidence was insufficient to justify the action of the court in submitting the issue of waiver, and for that reason the company insists that any error committed by the court in the trial of the issue of waiver should be treated as harmless.

These, in summary, are the essential principles of law applicable to the issue of waiver:

"In general, any act, declaration, or course of dealing by the insurer, with knowledge of the facts constituting a cause of forfeiture . . . which recognizes and treats the policy as still in force and leads the person insured to regard himself as still protected thereby will amount to a waiver of the forfeiture . . . and will estop the insurer from insisting on the forfeiture or setting up the same as a defense when sued for a subsequent loss. Such waiver may be inferred from acts as well as from words. Acts of an insurance company in recognizing a policy as a valid and subsisting contract, and inducing the insured to act in that belief and incur trouble or expense, is a waiver of the condition under which the forfeiture arose." 29 Am. Jur., Insurance, Sec. 832.

In *Hicks v. Insurance Co.*, 226 N.C. 614, at p. 617, 39 S.E. 2d 914, it is said: "Waiver of the forfeiture provision in a policy of insurance is predicated on knowledge on the part of the insurer of the pertinent facts and conduct thereafter inconsistent with an intention to enforce

the condition. In *Coile v. Com. Travelers,* 161 N.C., 104, 76 S.E., 622, quoted in *Paul v. Ins. Co.,* 183 N.C., 159, 162, and in *Arrington v. Ins. Co.,* 193 N.C., 344, it is said: 'A course of action on the part of the insurance company which leads the party insured honestly to believe that by conforming thereto a forfeiture of his policy will not be incurred, followed by due conformity on his part, will estop the company from insisting upon the forfeiture, though it might be claimed under the express letter of the contract.' *Ins. Co. v. Eggleston,* 26 U.S., 577; *Ins. Co. v. Norton,* 96 U.S., 234." See also *Robinson v. Brotherhood,* 170 N.C. 545, 87 S.E. 537.

"As a general rule, in order to waive a policy provision or a forfeiture, there must be a prior knowledge of the circumstances, a waiver being the intentional relinquishment of a known right and requiring both knowledge of the existence of the right and an intention to relinquish it. Although the courts are quick to protect an insured or beneficiary, the element of knowledge is considered a fair element to impose for the protection of the insurer." 16 Appleman, Insurance Law and Practice, p. 613.

"Knowledge of facts which the insurer has or should have had constitutes notice of whatever an inquiry would have disclosed and is binding on the insurer. The rule applies to insurance companies that whatever puts a person on inquiry amounts in law to 'notice' of such facts as an inquiry pursued with ordinary diligence and understanding would have disclosed." 16 Appleman, Insurance Law and Practice, p. 817.

Ordinarily, an insurance company is presumed to be cognizant of data in the official files of the company, received in formal dealings with the insured. *Hicks v. Ins. Co., supra,* (226 N.C. 614); *Robinson v. Brotherhood, supra* (170 N.C. 545).

"An adjustment of a loss with knowledge of grounds of forfeiture has been deemed a waiver of the forfeiture, in the absence of any provision to the contrary." 29 Am. Jur., Insurance, Sec. 784, p. 670. See also *Cab Co. v. Casualty Co.,* 219 N.C. 788, 15 S.E. 2d 295.

"Thus, if the company pays certain small losses on a policy, it waives any defense of which it has knowledge and is estopped thereafter to rely upon such defense in future losses." 16 Appleman, Insurance Law and Practice, p. 945.

In 29 Am. Jur., Insurance, Sec. 871, p. 667, it is stated: "There are many cases asserting the rule that where an insurer denies liability for a loss on one ground, at the time having knowledge of another ground of forfeiture, it cannot thereafter insist on such other ground if the insured has acted on its asserted position and incurred prejudice or expense by bringing suit, or otherwise." See also *Parker v. Ins. Co.,* 143 N.C. 339, 55 S.E. 717.

Waiver is a mixed question of law and fact. When the facts are determined, and are all one way, it becomes a question of law. *Hicks v. Ins. Co., supra,* (226 N.C. 614, at bot. p. 619).

As previously pointed out, when the policies here sued on were applied for in January and May, 1955, the plaintiff failed to disclose that he had been hospitalized for barbiturate intoxication in 1952. It was this nondisclosure of facts that the insurance company relied on at the trial and urged as its chief ground for forfeiting and cancelling the policies. And it appears from the judge's charge on the issue of forfeiture that the jury's verdict in favor of the insurance company was based on the plaintiff's failure to disclose the facts in respect to his hospitalization in 1952.

The evidence on which plaintiff relies to show that the company waived its right of forfeiture may be summarized as follows:

1. After the policies were issued to the plaintiff in January and June, 1955, he was hospitalized at the Medical College of Virginia Hospital, Richmond, from 22 July until 11 August, 1955. When he was discharged at the end of this period, he filed claim with the company for hospital benefits under the policies. In the claim papers the plaintiff furnished to the defendant a statement of his physician, Dr. Foster, that the plaintiff had been treated during the stated period of hospitalization for "(1) Psychoneurosis, anxiety reaction, (2) acute brain syndrome, drug intoxication," and that his first symptoms appeared "several weeks prior to July 22, 1955." On the blank filled in and signed by the plaintiff as a part of the proof of claim, he answered questions as follows:

> "8. Have you ever had this disease before? *Yes.* Give dates. *1952 (?). Check claim records with your company.*
> "9. What medical attention have you had during the past five years? *Above.*"

It is admitted in the plaintiff's pleadings that he filed no claim for the 1952 hospitalization. The plaintiff, in explanation of the foregoing statement, "1952 (?) Check claim records with your company," offered evidence that he had previously been insured by the defendant under a similar policy, issued to him in 1949, but which lapsed in 1953 when he was called into Naval service; that while this policy was in force, he filed claims in 1950 and 1951 which were paid. The evidence discloses that the 1950 claim was for hospital expenses at Medical College of Virginia Hospital when he was treated for epididymitis, and that the 1951 claim was paid for hospital expenses during the month of August for treatment at Carolina General Hospital, Wilson, N. C. for "(1) follicular tonsilitis, (2) Vincent's pharyngitis, probably due to chloromycitis therapy."

The claim for hospital treatment from 22 July to 11 August, 1955, was processed and paid by the defendant before the plaintiff sustained the gunshot injury now in suit.

2. In his application for insurance dated 18 January, 1955, the plaintiff expressly waived all provisions of law forbidding physicians who had attended him from disclosing knowledge or information acquired by them.

3. Following the plaintiff's gunshot wound on 31 August, 1955, his guardian filed with the company claim for the hospital benefits and disability compensation from 1 September, 1955, now sued for. The claim was received by the defendant 10 October, 1955. On 1 November, 1955, the company by letter to the plaintiff's guardian denied liability "because of the manner in which the alleged accident was sustained." The guardian requested a more specific explanation of the grounds upon which liability was denied. The company replied on 8 November, 1955, stating that "The company's denial of this claim was based on information to the effect that this was an attempted suicide," a risk not covered by the policies.

The record discloses these further facts: (1) On 11 January, 1956, this action was instituted for hospital expenses and compensation allegedly due under the policies; (2) On 28 February, 1956, the defendant filed answer denying liability on the sole ground "that the injuries to the plaintiff resulted in an attempted suicide on the part of the plaintiff"; and (3) that in September, 1956, the defendant filed supplemental answer setting up its equitable defense for cancellation of the policies because of material misrepresentations, the substantial one being failure to disclose that the plaintiff was hospitalized in 1952 for barbiturate intoxication.

The plaintiff directs attention to his claim papers of 11 August, 1955, wherein he replied "Yes" to the question whether he had ever had barbiturate intoxication before, and gave the date of the former attack as "1952 (?)." This, the plaintiff contends, fixed the defendant with knowledge of the basic facts in reference to his previous hospitalization in 1952, and that the disclosure was adequate to put the defendant on inquiry which, if pursued with ordinary diligence, would have led to a discovery of all related facts; and that being charged with notice of the nature of the plaintiff's hospitalization in 1952, the company proceeded to process and pay the claim of 11 August, 1955, thus treating the policies as still being in effect and leading the plaintiff to regard himself as still insured. The plaintiff insists that this line of evidence, together with other evidence tending to show that the defendant, until long after the suit was instituted, denied the instant claim on the sole ground of attempted suicide, established his defense of waiver as a matter of law, and that therefore he was en-

titled to a peremptory instruction in his favor on the issue of waiver.

The defendant, on the other hand, takes the position that the evidence is not sufficient to support a finding of waiver, and insists that in no event does the evidence point to such finding as the only reasonable inference. In support of these contentions, the defendant points to the plaintiff's statement in his claim papers indicating that the facts in respect to his former hospitalization for barbiturate intoxication could be found by checking his "claim records with your company." Since the plaintiff's claim record with the company disclosed no former hospitalization for barbiturate intoxication, the company insists that the plaintiff's answers as given were misleading and were not reasonably calculated to put the defendant on notice as to the former hospitalization. The company takes the position it was charged with no notice beyond what its claim files disclosed, and that since the files disclosed nothing as to any former treatment of the plaintiff for barbiturate intoxication, the company in no aspect of the evidence was charged with notice in respect to the former hospitalization.

The plaintiff's counter contention is that the statement in the claim papers, "Check claim records with your company," may reasonably be interpreted as a mere inadvertence and lapse of memory in reference to claims filed by him under his first policy with the company, which was in force from 1949 to 1953, and that his amplifying statement may be treated as mere surplusage. And when so treated, he insists that his claim statement contains the unqualified answer of "Yes" to the question whether he had previously had the disease of barbiturate intoxication, with date given as "1952 (?)." These facts, appearing, in evidence, taken from documents in the possession of the defendant, the plaintiff insists were sufficient to fix the defendant with notice of his 1952 hospitalization.

Upon consideration of the foregoing arguments of the parties, we are constrained to the view that the relevant evidence, if believed, is sufficient to justify, though not to require, an affirmative answer, favorable to the plaintiff, on the issue of waiver. This being so, we conclude that the presiding Judge properly denied the plaintiff's motion for a peremptory instruction and submitted the issue of waiver as being controlled by open issues of fact to be determined by the jury. The rule is that where the evidence bearing upon an issue is susceptible of diverse inferences, it is improper for the presiding judge to give the jury a peremptory instruction. *Fertilizer Works v. Cox,* 187 N.C. 654, 122 S.E. 479; *Brooks v. Mill Co.,* 182 N.C. 258, 108 S.E. 725. *Cf. Commercial Solvents v. Johnson,* 235 N.C. 237, 69 S.E. 2d 716.

However, the plaintiff is entitled to a new trial because of the admission of incompetent evidence offered by the defendant. Over the plaintiff's objection, the defendant was allowed to offer in evidence

and to read to the jury the defendant's motion for leave to file its supplemental answer. This motion is in form an affidavit of Wade A. Gardner, one of the defendant's attorneys. The motion alleges in gist: (1) that when the defendant filed its answer in February 1956, it denied the material allegations of the complaint and set up the defense of attempted suicide; (2) that thereafter, and on 12 June, 1956, depositions of certain witnesses were taken in Richmond, Virginia; (3) that upon the taking of the depositions "the defendant, through its attorneys, learned for the first time certain facts and information material to an adjudication of the rights and liabilities between the parties hereto, by way of testimony given by the witnesses and by way of inspection of medical records, *all of which facts and information the defendant and its attorneys were ignorant of until such time*" (Italics added.); and (4) that "additional facts and information are contained in the defendant's proposed supplemental answer, which is hereto attached."

The supplemental answer was filed, and the case was tried upon it. In it the defendant alleged for the first time its defense of forfeiture for failure of the plaintiff to disclose in his applications material facts respecting his health, including his hospitalization for barbiturate intoxication in 1952. When the Gardner affidavit-motion is considered in the light of the pleadings and the other evidence in the case, it is clear that the material facts referred to in the affidavit, of which it is asserted the defendant was ignorant until June, 1956, were the facts respecting the plaintiff's hospitalization in 1952. It thus appears that the facts asserted in the affidavit went to the very heart of the issue of waiver: The crucial question of fact presented by the issue was whether, as contended by the plaintiff, the defendant was charged with knowledge of the 1952 hospitalization when it processed and paid the small hospital claim in August, 1955, or whether, as contended by the defendant and as stated in the Gardner affidavit, the company remained ignorant of these crucial facts until the depositions were taken in Richmond in June, 1956.

The affidavit-motion was a collateral pleading, containing various self-serving declarations of a conclusory nature, based in large part on hearsay, and was presented in a form that deprived the plaintiff of his right of cross-examination. The document was inadmissible. See Stansbury, North Carolina Evidence, Sections 35 and 140. Its reception in evidence must be held prejudicial. Its harmful effect was likely accentuated, rather than removed, by the court's later instruction as follows:

"I instruct you now that that document was admitted in evidence as not substantive evidence but it is offered and admitted in evidence or admitted in the case only as evidence of the defendant in explana-

tion of the defendant's failure to allege as a defense in the action what it now contends to have been a false and material representation in the two applications, that is the applications of January and May 1955, the policies now sued on. Of course, it is for you to say from all of the evidence what the facts are in that regard, but the motion is not substantive evidence, it is not evidence of the truth of the things alleged therein, *but was only offered for the purpose of the defendant's explanation, if you find that it does constitute an explanation* why they did not raise that defense in the original answer filed but raised it only in the supplemental answer which was permitted by the Court to be filed at a later time." (Italics added.)

For the error indicated, the plaintiff is entitled to a new trial. Since the questions raised by the plaintiff's other assignments of error may not recur on retrial, we refrain from discussing them.

New Trial.