JAMES W. COUNCIL v. METROPOLITAN LIFE INSURANCE COMPANY

No. 7828DC906

(Filed 3 July 1979)

**1. Insurance § 8— no estoppel to deny claim**

　　Defendant insurer was not estopped from denying plaintiff's claim on a disability insurance policy because defendant originally denied the claim on the ground of plaintiff's failure to qualify for Social Security disability benefits where defendant has not asserted another theory in defense of plaintiff's claim but has merely relied on plaintiff's failure of proof.

**2. Insurance § 38.2— disability insurance—failure to show total disability**

　　The evidence and findings supported the trial court's conclusion that plaintiff is not "totally disabled so as to be wholly prevented from engaging in any and every gainful occupation for which he is reasonably fitted by education, training and experience" where the court found upon supporting evidence that plaintiff had a high school education; he had worked for nine and a half years as a route salesman for a dairy, which included driving a refrigerated truck, loading and unloading the truck, and making deliveries; plaintiff had previously worked as a dye jig operator and a service station operator; plaintiff suffered from degenerative arthritis in the lumbar region of his back which prevented him from doing work involving heavy lifting or prolonged sitting or standing and from working in cold areas; plaintiff refused to participate in vocational rehabilitation training for a light occupation not requiring lifting; and plaintiff has been working on a small farm raising tobacco and cattle with the help of his two sons.

**3. Insurance § 38.2— disability insurance—evidence of recent low income from odd jobs**

　　In an action on a disability insurance policy, the trial court did not err in excluding evidence that plaintiff's gross income for the past five years never exceeded $2,200 per year since the fact that plaintiff has performed only odd jobs during such time did not require the court to find that plaintiff can only perform such tasks, it being the nature of the work that plaintiff is able to perform, not the work he has actually performed or how much he has been paid, that is relevant to a determination of whether he is totally disabled.

APPEAL by plaintiff from *Styles, Judge.* Judgment entered 16 May 1978 in District Court, BUNCOMBE County. Heard in the Court of Appeals on 12 June 1979.

　　This is a civil action wherein plaintiff seeks long term disability benefits under a group insurance policy issued to him by the defendant. The plaintiff alleged that he was "totally disabled" under the insurance policy, which contained the following provision defining that term as follows:

[U]pon receipt by the Insurance Company of notice and due proof that . . . the Employee is totally disabled so as to be wholly prevented from engaging in any and every gainful occupation for which he is reasonably fitted by education, training, or experience, the Insurance Company shall pay such Monthly Benefits to the Employee during the continuance thereafter of such total disability.

Defendant answered, denying the material allegations of the Complaint, and alleging as a further defense that plaintiff was not totally disabled within the meaning of the policy because plaintiff applied for and was denied Social Security disability insurance benefits.

The case was tried before the judge without a jury, and on 16 May 1978 after hearing the evidence, the trial judge entered a Judgment containing findings of fact which, except where quoted, are summarized as follows:

Plaintiff was born on 25 November 1935, and has a high school education. Prior to May 1974, plaintiff was employed for approximately three and one-half years as a route salesman for Borden Dairy in Asheville. His duties in that job involved, among other things, driving a van-type refrigerated truck, loading the truck at the plant, unloading it and making deliveries, and collecting money for some deliveries. For the six years prior to his work at Borden, plaintiff worked as a route salesman for other dairies, which also involved loading and unloading trucks. Prior to that, plaintiff worked as a dye jig operator, which involved the lifting of heavy bolts of cloth, and also as a service station operator. Plaintiff served in the Armed Forces for approximately two years and was assigned to duties at a post exchange as a sales clerk. From April 1973 to August 1977, plaintiff was examined and treated by Dr. McCullough, who diagnosed plaintiff as suffering from "significant degenerative arthritis in the lumbar region of his back, more than would normally be expected to appear in a man of Plaintiff's age." There was evidence that plaintiff "will probably never totally recover [from this condition] and [the condition] would probably not be improved by surgery." Plaintiff's back condition prevents him "from doing work involving heavy lifting or prolonged sitting or standing and from working in cold areas." Plaintiff was referred to Vocational Rehabilitation for

placement in work not requiring lifting, but he declined to participate in recommended training for a light occupation not requiring lifting. Since plaintiff last worked for Borden, he has worked on a small farm raising tobacco and cattle with the help of his two sons.

The Court concluded that "Plaintiff has not proved by the greater weight of the evidence that he is totally disabled so as to be wholly prevented from engaging in any and every gainful occupation for which he is reasonably fitted by education, training or experience," and entered a judgment that plaintiff recover nothing of defendant and that his action be dismissed. From the foregoing judgment, plaintiff appealed.

*Long, McClure, Hunt & Trull, by Robert G. McClure, Jr. and David E. Matney III, for plaintiff appellant.*

*Van Winkle, Buck, Wall, Starnes, Hyde & Davis, by O. E. Starnes, Jr., for defendant appellee.*

HEDRICK, Judge.

[1] Plaintiff first contends that the defendant is estopped from denying that the plaintiff is "totally disabled so as to be wholly prevented from engaging in any and every gainful occupation for which he is reasonably fitted by education, training, or experience" as defined in the insurance policy provision attached to the Complaint, on the grounds that the defendant initially denied benefits because of plaintiff's failure to qualify for Social Security benefits. Plaintiff relies on *Gouldin v. Inter-Ocean Insurance Company*, 248 N.C. 161, 165, 102 S.E. 2d 846, 849 (1958), in which the Court quoted the general rule "that where an insurer denies liability for a loss on one ground, at the time having knowledge of another ground of forfeiture, it cannot thereafter insist on such other ground *if the insured has acted on its asserted position and incurred prejudice* or expense by bringing suit, or otherwise." [Emphasis added.]

Plaintiff argues that because defendant sent him a letter denying his claim because of his failure to qualify for Social Security benefits it is now estopped from defending plaintiff's claim on any other theory. This is an erroneous interpretation of the rule stated in the *Gouldin* case. The defendant certainly could not defend against plaintiff's claim on a totally separate theory of

which plaintiff had no notice and after plaintiff had relied on the representations of the insurance carrier to his prejudice. Plaintiff nevertheless must still introduce sufficient evidence to support his own theory of recovery in order to be entitled to the benefits under the policy. In the present case, defendant has not asserted a separate theory in defense of plaintiff's claim, but has merely relied on plaintiff's failure of proof. This assignment of error has no merit.

[2]   By assignments of error six and seven plaintiff contends that the court erred in its finding that he was not totally disabled under the terms of the policy, and in failing to make the requested findings of fact and conclusions tendered by him. Plaintiff argues that the requested findings of fact are "undisputed" and "lead to inescapable conclusions of law that the plaintiff was totally disabled."

When a jury trial is waived, the court's findings of fact have the force and effect of a verdict by a jury and are conclusive if there is evidence to support them, even though the evidence would sustain findings to the contrary. *Blackwell v. Butts*, 278 N.C. 615, 180 S.E. 2d 835 (1971). In the present case, the evidence is sufficient to support the findings made by the trial judge, and the findings in turn support the conclusions and judgment for the defendant. This assignment of error has no merit.

[3]   Finally, plaintiff contends that the court erred in excluding testimony pertaining to his income for the past five years. Plaintiff argues that his gross income for the past five years never exceeded $2,200.00 per year and that his net income never exceeded $1,500.00 per year. Plaintiff apparently relies on the rule stated in *Bulluck v. Mutual Life Insurance Company of N. Y.*, 200 N.C. 642, 646, 158 S.E. 185, 187 (1931), that in considering whether the claimant is totally disabled, his "ability to do odd jobs of comparatively trifling nature does not preclude recovery."

The issue addressed by the trial court was whether the plaintiff was "totally disabled so as to be wholly prevented from engaging in any and every gainful occupation for which he is reasonably fitted by education, training, and experience." The trial judge determined this issue against the plaintiff and made a specific finding of fact to that effect. The fact that the plaintiff has the ability to do odd jobs, or, as in the present case, that the

plaintiff has in fact done various odd jobs, does not require the trial judge to find that the plaintiff can only perform such tasks. Furthermore, it is the nature of the work that the plaintiff is able to perform, and not what work he has actually performed or how much he has been paid, that is relevant to a determination of whether he is totally disabled. Thus, the trial court did not err in excluding evidence as to the plaintiff's income.

For the reasons stated, the judgment appealed from is affirmed.

Affirmed.

Judges VAUGHN and ARNOLD concur.