## MABRY v. NATIONWIDE MUTUAL FIRE INS. CO.

[108 N.C. App. 37 (1992)]

SIDNEY F. MABRY v. NATIONWIDE MUTUAL FIRE INSURANCE COMPANY
AND ROBERT FRANKLIN BURCHETTE

No. 9121SC861

(Filed 3 November 1992)

**Insurance § 867 (NCI4th) — homeowner's insurance — noncompliance
with residence requirement — awareness of insurer — subsequent
negotiation not waiver of right to deny coverage**

Defendant insurer's awareness of conflicting information
regarding plaintiff's compliance with the residence require-
ment of its homeowner's policy did not as a matter of law
constitute "knowledge" of a breach of a contract condition
such that negotiation with the insured after obtaining this
information constituted a waiver of defendant's right to deny
coverage.

**Am Jur 2d, Insurance §§ 204, 1209, 1216-1220.**

**Modern status of rules regarding materiality and effect
of fake statements by insurance applicant as to previous in-
surance cancellations or rejections. 66 ALR3d 749.**

APPEAL by plaintiff from judgment entered 21 March 1991
in FORSYTH Superior Court by *Judge Joseph R. John.* Heard in
the Court of Appeals 16 September 1992.

*Craige, Brawley, Liipfert & Ross, by William W. Walker, for
plaintiff-appellant.*

*Petree Stockton & Robinson, by Richard J. Keshian, for
defendant-appellees.*

GREENE, Judge.

Plaintiff appeals from a judgment filed 21 March 1991, which
judgment in pertinent part denied plaintiff's motions for judgment
notwithstanding the verdict, N.C.G.S. § 1A-1, Rule 50 (1990), and
for a new trial, N.C.G.S. § 1A-1, Rule 59 (1990).

The evidence before this Court established that in May, 1989,
as a result of a severe storm in the Winston-Salem area, plaintiff
sustained damage to his house and property for which he made
a claim on the homeowner's policy issued to him by defendant
Nationwide Mutual Fire Insurance Company (Nationwide). Plain-

tiff's policy contained a provision requiring that plaintiff actually reside in the insured house, and plaintiff told Nationwide agent Betty Brackett (Brackett) that he was living in the house at the time of the storm, along with tenants Paul and Donna Whetstone (the Whetstones), who, at the time of the storm, had been renting the insured house from plaintiff for approximately nine months. Approximately one week after the storm, Brackett inspected the storm damage at plaintiff's house and observed, among other things, that the basement was completely flooded, despite the fact that there had been minimal rainfall during the storm. Brackett contacted a building contractor to perform an estimate of the cost to repair the damage to the house and property. Plaintiff informed Brackett that he wanted an estimate from another contractor as well, to which Brackett consented. Plaintiff thereafter hired Dan Salmon (Salmon) to provide plaintiff with an estimate of the cost to repair the damage done to plaintiff's house by the storm. Salmon's estimate, excluding the basement repairs, totalled $20,130.00.

Shortly after plaintiff submitted his claim to Nationwide, the Whetstones contacted and gave a recorded statement to Nationwide in which they indicated that plaintiff did not reside in the insured house and had not spent a single night there during the entire period that the Whetstones had been renting the house. According to the Whetstones, plaintiff lived in a house located at Lake Norman. The Whetstones further alleged that plaintiff had attempted to persuade them to increase the damage to the house by running a hose into the basement and flooding it, breaking up a picnic table and putting it under a fallen tree, and intentionally destroying several other items of property. In late May, 1989, plaintiff instituted summary ejectment proceedings against the Whetstones for their alleged failure to pay rent, which action was dismissed with prejudice based on the magistrate's finding that plaintiff had failed to prove his case by the greater weight of the evidence. Approximately four months later, the Whetstones moved out of the insured house.

Sometime after Brackett's inspection of plaintiff's property, Nationwide assigned one of its large loss specialists, Ted Hill (Hill), to plaintiff's claim. Hill met with plaintiff and inspected the damage. Plaintiff told Hill that he had been living in the house at the time of the storm. After an inspection, Hill determined and an engineer confirmed that the basement water damage was caused by surface water, long-term seepage which preexisted the storm,

and damage from a leaking washing machine, all of which are excluded by plaintiff's policy with Nationwide. Nationwide made an offer of $16,490.00 to plaintiff for repairs to his property, which did not include repairs to the basement. Plaintiff rejected this offer and refused a partial settlement.

On 22 March 1990, plaintiff filed a complaint against Nationwide seeking damages for breach of contract and claiming unfair and deceptive trade practices on the part of Nationwide. Plaintiff amended his complaint to add Nationwide agent Frank Burchette (Burchette) as a defendant, claiming that, if plaintiff's policy did not cover the damage to his residence, then Burchette was liable for negligent failure to procure such insurance. In its answer, Nationwide pleaded the affirmative defenses of misrepresentation and willful concealment by plaintiff regarding the policy's residence requirement, the way in which plaintiff's loss occurred, and the extent of the damage. After a four-day trial, the jury returned a verdict for Nationwide, finding that plaintiff had intentionally falsely represented and willfully concealed a material fact or circumstance relating to the contract of insurance between plaintiff and Nationwide. The jury also found that Nationwide did not waive the provisions of the insurance contract regarding required residence, and that the actions of agent Burchette did not constitute negligent failure to procure proper insurance coverage. Plaintiff made a motion during the trial for a directed verdict on Nationwide's defenses, which was denied, and post-trial motions for judgment notwithstanding the verdict and for a new trial on the grounds that Nationwide waived plaintiff's misrepresentations as a matter of law and engaged in misconduct during the trial. The trial court denied these motions after a hearing. Plaintiff appeals.

---

The issues presented are whether (I) an insurer's awareness of conflicting information regarding an insured's alleged breach of a policy condition constitutes "knowledge" of such breach for the purpose of applying the doctrine of waiver; and (II) the trial court abused its discretion by denying plaintiff's motion for a new trial.

I

Plaintiff argues that the trial court erred by denying plaintiff's motions for directed verdict and judgment notwithstanding the

verdict as to Nationwide's affirmative defenses of misrepresentation and willful concealment regarding plaintiff's residence in the insured house. Specifically, plaintiff contends that the trial court erred in submitting these issues to the jury because, according to plaintiff, Nationwide waived the provision in the insurance contract requiring plaintiff to reside in the insured house when it continued to process his claim despite evidence that plaintiff did not in fact reside there. Plaintiff's argument in effect suggests that the trial court should have directed a verdict in plaintiff's favor on the issue of waiver. Such action by the trial court would have necessitated a directed verdict in favor of plaintiff on Nationwide's defenses of misrepresentation and willful concealment. Nationwide, on the other hand, argues that the aforementioned affirmative defenses and whether it waived its right to assert them were issues properly submitted to the jury.

Waiver by an insurer of a forfeiture provision in an insurance policy requires (1) "knowledge on the part of the insurer of the pertinent facts," e.g., of a breach of a condition by the insured, and (2) "conduct thereafter inconsistent with an intention to enforce the condition" which leads the insured to believe that he is still protected by the policy. *Gouldin v. Inter-Ocean Ins. Co.*, 248 N.C. 161, 164, 102 S.E.2d 846, 848-49 (1958) (citation omitted). When the evidence is sufficient to justify, but not require, a finding of waiver on the part of the insurer, then the issue of waiver is one to be determined by the jury. *Id.* at 168, 102 S.E.2d at 851; *Brandon v. Nationwide Mut. Fire Ins. Co.*, 301 N.C. 366, 372-73, 271 S.E.2d 380, 384 (1980); *see also* 7 George J. Couch *et al.*, Couch on Insurance 2d § 35:271 (1985) (claimed waiver through conduct of insurer generally a question of fact for jury).

In the instant case, Nationwide presented evidence that, although it had received a statement from the Whetstones indicating that plaintiff did not, as required under the policy, reside in the insured house at the time of the storm and resulting damage, plaintiff repeatedly asserted to Nationwide his compliance with the insurance policy's residence requirement. Awareness of this conflicting information regarding plaintiff's compliance with the terms of the policy does not as a matter of law constitute "knowledge" of a breach of a contract condition such that negotiation with the insured after obtaining this information constitutes a waiver of Nationwide's right to deny coverage. This evidence allows, but does not *compel*, a finding of waiver on the part of Nationwide

**MABRY v. NATIONWIDE MUTUAL FIRE INS. CO.**

[108 N.C. App. 37 (1992)]

and the trial court properly submitted the issue of waiver to the jury. Moreover, Nationwide's affirmative defenses of misrepresentation and willful concealment regarding the policy's required residence provision were properly before the jury since Nationwide presented substantial evidence of these defenses in the form of the Whetstones' testimony. *See State v. Smith*, 300 N.C. 71, 78, 265 S.E.2d 164, 169 (1980) (substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion").

## II

Plaintiff argues that the trial court abused its discretion by failing to grant plaintiff a new trial pursuant to North Carolina Rule of Civil Procedure 59. Specifically, plaintiff contends that at trial defendants "tried repeatedly to prejudice the jury toward plaintiff and thereby deny plaintiff a fair trial."

It is well established that a trial court's decision on a motion for a new trial pursuant to Rule 59, where no question of law or legal inference is involved, cannot be disturbed absent a showing of abuse of discretion. *Seaman v. McQueen*, 51 N.C. App. 500, 505, 277 S.E.2d 118, 121 (1981). In the instant case, plaintiff's grounds for a new trial focus on defendants' alleged intentional exposure to the jury of "irrelevant and prejudicial evidence designed to alienate the jury from plaintiff," to which virtually all of plaintiff's objections were sustained. We have reviewed the specific evidence of which plaintiff complains, and discern no abuse on the part of the trial court in denying plaintiff's motion.

No error.

Judges WELLS and ORR concur.